```
                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

THE WESTERN AND SOUTHERN LIFE     :
INSURANCE COMPANY, et al.,        :    NO. 1:11-CV-00267
                                  :
     Plaintiffs,                  :
                                  :
                                  :    **OPINION AND ORDER**
     v.                           :
                                  :
COUNTRYWIDE FINANCIAL CORP.,      :
et al.,                           :
                                  :
     Defendants.                  :

      This matter is before the Court on Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California (doc. 53), Plaintiffs' Response in Opposition (doc. 75), and Defendants' Reply (doc. 86). The Court held a hearing on this matter on August 9, 2011. For the reasons indicated herein, the Court DENIES Defendants' motion.

**I.   Background**

      Plaintiffs (which the Court will collectively refer to as "Western and Southern") filed their Complaint in April 2011, alleging that Defendants (which the Court will collectively refer to as "Countrywide") sold Plaintiffs mortgage-backed securities ("MBS") pursuant to registration statements and prospectuses that contained untrue statements and omissions of material facts (doc.

1).[1]  Plaintiffs allege Defendants' actions amount to violations of the Securities Act of 1933, the Securities and Exchange Act of 1934, and Ohio common law regarding fraud and negligent misrepresentation (doc. 1).  Plaintiffs contend Defendants systematically ignored their own underwriting standards when they sold the securities, and as a result sold toxic mixes of loans that defaulted on such a large scale that Plaintiffs' certificates lost value such that 94% of them are now not even considered to be investment grade (Id.).

## II. Defendants' Motion

The U.S. Code allows for change of venue to any other district or division where a civil action might have been brought "(f)or the convenience of parties and witnesses, [and] in the interest of justice."  28 U.S.C. § 1404(a).  Defendants move the Court to transfer this case pursuant to Section 1404 to the Central District of California, which is presiding over six related cases that involve the same allegations and the same Defendants (doc.

---

[1] Plaintiffs are five insurance companies and an investment advisor, all of which, save one, are domiciled in Ohio.  The Defendants are Defendant Countrywide Financial ("Countrywide"), headquartered in Calabasas, California; eight of its corporate officers, all of whom are domiciled in California; and two of Countrywide's subsidiaries.  Also named in the Complaint are Defendant Countrywide Securities Corporation, and Defendant depositors CWALT, CWABS, CWHEQ, and CWMBS.  Defendant the Bank of America ("BOA"), aquired Countrywide in July 2008.  In addition, Plaintiffs have named as Defendants BOA subsidiary BAC Home Loans Servicing, and Defendant NB Holdings Corporation, a entity used to effectuate the BOA-Countrywide merger.

53). In Defendants' view, the convenience of the witnesses and parties and the location of relevant documents favors transfer (Id.). Citing Stinchcombe v. Caruso, 2008 WL 4561515 (E.D. Mich. Oct. 9, 2008), Defendants contend that when plaintiffs claim a pervasive and systematic wrongdoing by a corporate defendant, the locus of operative facts will typically be deemed the company's headquarters, from where the policies originated (Id.). Here, that is Calabasas, California (Id.).

Defendants further contend Plaintiffs' choice of forum is not entitled to deference in this case because Ohio has no real connection to the events of the case, and California is the locus of facts (Id.). Finally Defendants contend the interest of the state of Ohio is irrelevant under Section 1404, despite Plaintiffs' contention that the courts of Ohio have an interest in adjudicating the claims of individuals injured in Ohio (Id.).

### III. Applicable Legal Standard

When ruling on transfer motions, this Court employs the balancing approach developed by the Honorable David Porter in Artisan Development v. Mountain States Development Corp., 402 F. Supp. 1312 (S.D.Ohio 1975). Under this approach, the Court considers a variety of factors including the convenience of the witnesses, where the operative facts occurred, location of documentary evidence, and the possibility of prejudice in either the forum or transfer state. The Court must give foremost

consideration to the plaintiff's choice of forum, and the balance must weigh "strongly in favor of a transfer" before the Court should grant a Section 1404(a) motion.  <u>Nicol v. Koscinski</u>, 188 F.2d 537 (6th Cir. 1951); <u>Lewis v. ACB Bus. Servs.</u>, 135 F.3d 389, 413 (6th Cir. 1998), <u>Artisan Development v. Mountain States Development Corp</u>., 402 F. Supp. 1312 (S.D.Ohio 1975).  In addition to the factors above, Section 1404(a) requires that the Court consider "public-interest concerns," specifically the "issues of congested dockets [and] concerns with resolving controversies locally."  <u>Wm. R. Haque, Inc. v. Sandburg</u>, 468 F.Supp.2d 952, 963 (S.D. Ohio 2006)(<u>citing</u> <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1947)).

**IV.  The August 9, 2011 Hearing**

At the hearing, Defendants reiterated their position that the principal reason that transfer would be appropriate is that there are numerous related actions pending in the Central District of California, before the Honorable Mariana R. Pfaelzer, in which Plaintiffs "assert many of the very same claims based on the very same allegations and against the very same parties that are asserted in in this case."  Citing the Honorable James L. Graham in <u>Ltd Serv. Corp. V. M/V APL Peru</u>, No. 2:09-CV-1025, 2010 U.S. Dist. LEXIS 53632 (S.D. Ohio, May 25, 2010), Defendants contended there's a substantial savings of time and judicial resources that can result from transfer to another court that is

already presiding over similar cases.

Plaintiffs indicated that, yes the cases in California are indeed related to the instant case, but that certain of the securities that Plaintiffs now sue upon were originally covered by a class action pending in California. According to Plaintiffs "Countrywide succeeded in ejecting Western and Southern, and countless other[s]. . . by arguing that the class plaintiff only had standing to serve as a representative with respect to the specific securities it owned, not the broader offering by which those securities were sold." Plaintiffs contended that such outcome reduced Defendants' exposure by billions and compelled Plaintiffs to file the instant action to preserve their rights. Plaintiffs indicated that the MDL Panel (which ultimately has transferred this matter to the Central District of California, (doc. 99)), noted, "Wait a minute. They were in California, you kicked them out by arguing unique facts of their case, they filed their own action in Ohio, and now you want them back in California. Isn't that a little bit ironic?" Defendants responded at the hearing that there is no inconsistency in their argument in the class action that different certificates backed by different loans are different securities for the purposes of statutory standing under the 1933 Act and contending here that there are substantial similarities in this case that will require the same witnesses and documents.

In reply, Plaintiffs argued that any factual overlap between the instant cases and the California cases is exaggerated, as many of the other cases do not involve mortgage-backed securities, a couple of them are class actions, and one is a SEC-enforcement proceeding. Plaintiffs further argued that Defendants' reliance on Ltd Serv. Corp., 2010 U.S. Dist. LEXIS 53632 (S.D. Ohio, May 25, 2010) is misplaced because Judge Graham did not say that judicial economy trumps other factors in all cases, only that the specific facts of that case militated toward transfer. Plaintiffs contend Defendants improperly frame this case as "California-centric," because although the mortgages were "bundled" in California, the underlying transactions were nationwide, and in fact, Defendants "reached" into Ohio with the alleged misleading prospectuses and sales materials. Citing Arters v. Sandoz, Inc., No 2:10-CV-00142, 2010 U.S. Dist. LEXIS 101197, at *23 (S.D. Ohio, September 27, 2010), Plaintiffs noted that the court refused to transfer a suit from Ohio when it was clear Defendants sold and distributed their product into the national stream of commerce, including Ohio. When Defendants reached into Ohio, contends Plaintiffs, this gave Ohio a significant interest and connection to the instant litigation.

In Plaintiffs' view, having shown a connection to Ohio, the next step is to evaluate the convenience factors. Plaintiffs contended at the hearing that Defendants have made no persuasive

showing of witness inconvenience to justify disturbing Plaintiffs' choice of forum. Although Defendants provided a Declaration concerning some twenty-five witnesses located in California, Plaintiffs argued the declaration does not identify whether they still work for Defendants, the content of any testimony, or the connection to any of the specific securities that Plaintiffs purchased. Without any such specificity, Plaintiffs contend under <u>Purcell v. National Bank of Detroit</u>, 93 Civ. 8786 (MBM), 1994 U.S. Dist. LEXIS 15196, *16-17 (S.D.N.Y. October 24, 1994), the Court is unable to ascertain the significance of the proposed testimony. As for documents, Plaintiffs argued Defendants' assertions that documents are likely to be in California are too generalized, especially for a national operation. Second, Plaintiffs indicated that the District of Connecticut recently rejected the notion that Countrywide documents would be difficult to produce outside of California, in these days of electronic discovery. Finally as for docket congestion, Plaintiffs contend that on average, the courts in the Southern District of Ohio have twenty to twenty-five percent less active cases than the court in the Central District of California. As for such final point, Defendants respond that its statistics show time to trial would go faster in California, and that the presiding judge, the Honorable Mariana R. Pfaelzer, is a senior status judge with a reduced case load. As such, Defendants contend this matter should be transferred to the Central District

of California.

**V. Discussion**

As noted above, the Court must give foremost consideration to the Plaintiffs' choice of forum, and the balance must weigh "strongly in favor of a transfer" before the Court should grant a Section 1404(a) motion. Nicol v. Koscinski, 188 F.2d 537 (6th Cir. 1951); Artisan Development v. Mountain States Development Corp., 402 F. Supp. 1312 (S.D.Ohio 1975). Indeed, a plaintiff's choice of forum should rarely be disturbed. Reese v. CNH Am. LLC., 574 F.3d 315 (6th Cir. 2009).

Having reviewed the parties' arguments at the hearing, and in their briefing, the Court is not convinced that the requisite factors weigh heavily enough in Defendants' favor so as to justify transfer of this matter to the Central District of California. Section 1404(a) aside, it is clear that Plaintiffs' claims, which are predicated on the Federal Securities Act of 1933, "to grant potential plaintiffs liberal choice in their selection of a forum." Wayne County Employees Retirement System v. MGIC Investment Corp., 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009)(quoting Ritter v. Zuspan, 451 F.Supp. 926, 928 (E.D. Mich. 1978)).

The facts of this matter show that Defendants were already successul in removing Plaintiffs from a class action in California. Plaintiffs, having been booted from the California

action, filed here in Ohio, and are now subject to Defendants' efforts to have Plaintiffs transferred back to California again. Although the Court accepts Defendants' argument in good faith that their efforts in removing Plaintiffs from the class action had an independent basis, it still strikes the Court as inconsistent with the interests of justice under such circumstance to disallow Plaintiffs' choice of forum.

There seems to be no real dispute that where allegations of misrepresentations are involved, the locus of facts is generally deemed to be where such misrepresentations were made. However, here, there is also no real dispute that Defendants' alleged actions reached into Ohio, where Plaintiffs relied on such misrepresentations. In addition, Defendants' actions were not limited to California, but involved the bundling of mortages that originated nationwide, including Ohio. After the bundling, the mortgage-backed securities were marketed nationwide. As Plaintiffs have argued, this case is not so "California-centric" so as to preclude venue in the Southern District of Ohio.

The Court is also not convinced that this action is on all fours with the cases pending in California, as Plaintiffs have demonstrated that different offerings are involved, and not all of the other actions involve mortgage-backed securities. Although it can be argued, as Defendants persuasively did, that similar practices, registration statements, and prospectuses are involved,

the Court does not find that this factor overrides the fact that the underlying offerings differ.

Congress intended that the convenience of the parties be taken into consideration as well, 28 U.S.C. § 1404, and as five out of six of the Plaintiffs are headquartered in Ohio, such consideration weighs in Plaintiffs' favor. Indeed, Defendant Bank of America, headquartered in North Carolina, certainly might also find Ohio more convenient than California. Of course, though many of the California Defendants might find California more convenient, "28 U.S.C. § 1404 does not allow for transfer to a forum that is equally convenient or inconvenient, nor does it allow for transfer if that transfer would only shift the inconvenience from one party to another." Shanehchian v. Macy's, Inc., 251 F.R.D. 287 at 292 (S.D. Ohio 2008). Defendants simply have not demonstrated they will be prejudiced by allowing this matter to proceed in the Southern District of Ohio.

Although Defendants proffer a list of California-based witnesses and identifies their titles, the Court agrees with Plaintiffs that the onus is on Defendants to show what each of the witnesses would presumably testify about. As it stands the Court can only speculate as to the necessity of each witness and whether the bulk of such testimony could adequately be conveyed by video deposition. Purcell, 1994 U.S. Dist. LEXIS 15196, *16-17 (S.D.N.Y. October 24, 1994), Graham v. UPS, 519 F. Supp. 2d 801, 810 (N.D.

Ill. 2007)(denying transfer because Defendant failed to state the substance of supposed key witnesses' testimony), <u>Laumman Mfg. Corp. v. Castings USA, Inc.</u>, 913 F.Supp. 712, 721 (E.D.N.Y. 1996)(denying transfer because defendant failed to state substance of supposed key witnesses' testimony). Similarly, the Court remains unconvinced that the documents at issue in this case are all in the Central District of California, and to the extent that they are, that they are not easily available through electronic media. <u>Putnam Bank v. Countrywide Fin. Corp.</u>, No. 3:11-CV-00145-JCH (D. Conn. May 16, 2011). Finally, although the Court has no doubt that the Central District of California is more than capable of presiding over this matter, the Court finds no significant difference with the Southern District of Ohio in court congestion or ability to try this matter expeditiously.

  In conclusion, the Court notes that the oral argument presented by counsel was some of the best it has ever witnessed. Counsel are to be congratulated for their efforts on behalf of their clients. This is a close call, as Defendants made a strong case in favor of transfer. However, the Court concludes that the circumstances of this case, the weighing of the requisite factors, the convenience of the parties, and the interests of justice all militate in favor of Plaintiffs' position.

  Accordingly, the Court DENIES Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) to the United States

District Court for the Central District of California (doc. 53).

SO ORDERED.


Dated: August 30, 2011        <u>s/S. Arthur Spiegel</u>
                              S. Arthur Spiegel
                              United States Senior District Judge