IRELL & MANELLA LLP
David Siegel (101355)
dsiegel@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
Allison L. Libeu (244487)
alibeu@irell.com
Holly Gershow (253508)
hgershow@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Angelo Mozilo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | MDL No. 11-ML-02265-MRP (MANx) **DEFENDANT ANGELO MOZILO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS** Hr'g:  February 13, 2012 at 11:00 a.m. February 14, 2012 at 1:00 p.m. Judge:  Hon. Mariana R. Pfaelzer Ctrm:  12 |
| AMERICAN FIDELITY ASSURANCE COMPANY, Plaintiff, vs. COUNTRYWIDE FINANCIAL CORPORATION, et al., Defendants. | Case No. 11-CV-07167-MRP (MANx) |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

1  NATIONAL INTEGRITY LIFE
   INSURANCE COMPANY,
2
            Plaintiff,
3
        vs.
4                                                 Case No. 11-CV-09889-MRP (MANx)
   COUNTRYWIDE FINANCIAL
5  CORPORATION, *et al.*,
6           Defendants.
7

8  PUTNAM BANK, individually and on
   behalf of all others similarly situated,
9
            Plaintiff,
10
        vs.
11                                                Case No. 11-CV-04698-MRP (MANx)
   COUNTRYWIDE FINANCIAL
12 CORPORATION, *et al.*,
13          Defendants.

14 SEALINK FUNDING LIMITED,
15          Plaintiff,
16      vs.
17                                                Case No. 11-CV-08896-MRP (MANx)
18 COUNTRYWIDE FINANCIAL
   CORPORATION, *et al.*,
19
            Defendants.
20

21 THE WESTERN AND SOUTHERN
   LIFE INSURANCE COMPANY, *et al.*,
22
            Plaintiffs,
23
        vs.
24                                                Case No. 11-CV-07166-MRP (MANx)
   COUNTRYWIDE FINANCIAL
25 CORPORATION, *et al.*,
26          Defendants.
27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................1

II.     BACKGROUND AND ALLEGATIONS AS TO MR. MOZILO.................3

III.    ALL OF PLAINTIFFS' FEDERAL SECURITIES CLAIMS ARE TIME-BARRED AS TO MR. MOZILO ..........................................4

     A.   Prior Complaints, Including the Nearly Identical MBS Class Action, Triggered Discovery as a Matter of Law ......................5

     B.   The SEC Complaint Cannot Revive Plaintiffs' Time-Barred Claims.................................................................8

     C.   An Allegedly New MBS Valuation Model Cannot Revive Plaintiffs' Time-Barred Claims ............................................9

IV.     ALL OF PLAINTIFFS' STATE SECURITIES CLAIMS ARE TIME-BARRED AS TO MR. MOZILO ........................................10

V.      PLAINTIFFS' CIVIL CONSPIRACY CLAIMS ARE TIME-BARRED AS TO MR. MOZILO ........................................11

VI.     AMERICAN FIDELITY'S AIDING AND ABETTING FRAUD CLAIM IS TIME-BARRED AS TO MR. MOZILO...................................13

VII.    SEALINK'S NEGLIGENT MISREPRESENTATION CLAIM IS TIME-BARRED AS TO MR. MOZILO.........................................14

VIII.   THE STATE LAW CLAIMS AGAINST MR. MOZILO IN *AMERICAN FIDELITY* AND *WESTERN & SOUTHERN* FAIL FOR LACK OF PERSONAL JURISDICTION .........................................14

     A.   Plaintiffs Bear the Burden of Establishing Personal Jurisdiction ...................................................................15

     B.   The Long-Arm Statutes Do Not Authorize Jurisdiction....................16

     C.   Constitutional Due Process Does Not Authorize Jurisdiction ...................................................................18

          1.   Mr. Mozilo's Contacts Must Be Analyzed Separately from Countrywide Financial Corporation's Contacts ..............................................19

          2.   Mr. Mozilo Is Not Subject to General Jurisdiction .................19

          3.   Mr. Mozilo Is Not Subject to Specific Jurisdiction..................20

IX.     CONCLUSION ................................................................................25

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- i -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1

## **TABLE OF AUTHORITIES**

2
**Page(s)**

3 **Cases**

4 *Allstate Insurance Company v. Countrywide Financial Corporation,*
   --- F. Supp. 2d ----, No. 11-cv-05236-MRP (MANx), 2011 WL
5   5067128 (C.D. Cal. Oct. 21, 2011) .........................................................passim

6 *Alsop v. Carolina Custom Products, Inc.,*
   No. EDCV 07-212-VAP, 2007 WL 2441025 (C.D. Cal. Jun. 29,
7   2007)............................................................................................................. 21

8 *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,*
   551 F.2d 784 (9th Cir. 1977)........................................................................ 16
9

*Ambassador v. Euclid,*
10   No. 80 Civ. 1235 (CBM), 1984 WL 341 (S.D.N.Y. May 24,
   1984)............................................................................................................. 14
11
*American Fidelity Assurance Co. v. Countrywide Financial Corp.,*
12   No. 11-cv-07167 MRP (MANx) (C.D. Cal. Apr. 11, 2011).................passim

13 *American Pipe & Construction Co. v. Utah,*
   414 U.S. 528 (1974) ...................................................................................... 7
14
*Argent Classic Conv. Arbitrage Fund L.P. v. Countrywide Fin. Corp.,*
15   No. 07-CV-07097-MRP (MANx) (C.D. Cal. Oct. 30, 2007)........................ 6

16 *Ark. Teacher Ret. Sys., Fire & Police Pension Ass'n of Colo. v. Mozilo,*
   No. 07-cv-06923-MRP (MANx) (C.D. Cal. Oct. 24, 2007).......................... 6
17
*Arneil v. Ramsey,*
18   550 F.2d 774 (2d Cir. 1977)......................................................................... 7

19 *Auto Channel, Inc. v. Speedvision Network, LLC,*
   995 F. Supp. 761 (W.D. Ky. 1997) .............................................................. 15
20
*Brown v. Gen. Steel Domestic Sales, LLC,*
21   No. 08-cv-00779 MMM (SHX), 2008 WL 2128057 (C.D. Cal.
   May 19, 2008) .............................................................................................. 19
22
*Costaras v. NBC Universal, Inc.,*
23   409 F. Supp. 2d 897 (N.D. Ohio 2005)........................................................ 17

24 *Country World v. Imperial Frozen Foods,*
   589 N.Y.S.2d 81 (N.Y. App. Div. 1992) ...................................................... 14
25
*Crown, Cork & Seal Co. v. Parker,*
26   462 U.S. 345 (1983) ..................................................................................... 7

27 *D'Addario v. Geller,*
   264 F. Supp. 2d 367 (E.D. Va. 2003)........................................................... 15
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- ii -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

**Page(s)**

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
557 F.2d 1280 (9th Cir. 1977)..................................................................16, 21

*Eastwood v. Nat'l Bank of Commerce*,
673 F. Supp. 1068 (W.D. Okla. 1987) .............................................................13

*Footbridge Ltd. Trust v. Countywide Fin. Corp.*,
770 F. Supp. 2d 618 (S.D.N.Y. 2011) ...............................................................7

*Ford Motor Credit Co. v. Jones*,
No. 92428, 2009 WL 1912626 (Ohio Ct. App. July 2, 2009) ......................12

*Franklin Prod., Inc. v. Gen. Nutrition Corp.*,
No. 2:05-cv-1061, 2007 WL 2462665 (S.D. Ohio Aug. 27, 2007) ..............18

*Gallaher v. Salem*,
No. CIV-07-974-F, 2009 WL 2591669 (W.D. Okla. Aug. 20,
2009)...................................................................................................................14

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002)..........................................................................24

*Gordon & Co. v. Ross*,
63 F. Supp. 2d 405 (S.D.N.Y. 1999)................................................................12

*Hardin v. Reliance Trust Co.*,
No. 1:04 CV 02079, 2006 WL 2850455 (N.D. Ohio Sept. 29,
2006)...................................................................................................................12

*Harman v. Bench Sec. Corp.*,
No. CV 950534266S, 1998 WL 46691 (Conn. Super. Ct. Jan. 22,
1998)...................................................................................................................11

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003)..........................................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ....................................................................................18, 19

*Hnath v. Hereford*,
757 F. Supp. 2d 1130 (N.D. Okla. 2010) .........................................................18

*Hoover Co. v. Robeson Indus. Corp.*,
904 F. Supp. 671 (N.D. Ohio 1995) .................................................................17

*In re Countrywide Fin. Corp. Deriv. Litig.*,
No. 07-CV-06923-MRP (MANx) (C.D. Cal. Feb. 15, 2008).........................6

*In re Countrywide Fin. Corp. Derivative Litig.*,
554 F. Supp. 2d 1044 (C.D. Cal. 2008)..............................................................8

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- iii -

**Page(s)**

*In re Countrywide Fin. Corp. Sec. Litig.*,
   588 F. Supp. 2d 1132 (C.D. Cal. 2008)..................................................6, 8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   2005 WL 2988715 (N.D. Cal. Nov. 7, 2005)....................................15, 18, 24

*In re Nucorp Energy Sec. Litig.*,
   772 F.2d 1486 (9th Cir. 1985).................................................11, 12, 13, 14

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
   No. 09-CV-01376-LHK, 2010 WL 4117477, at *6-7 (N.D. Cal.
   Oct. 19, 2010)...................................................................................5

*Ind. Plumbing Supply, Inc. v. Sd. of Lynn, Inc.*,
   880 F. Supp. 743 (C.D. Cal. 1995)..........................................................21

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)......................................................17, 18, 24

*Irizarry v. East Longitude Trading Co., Ltd.*,
   296 F. Supp. 2d 862 (N.D. Ohio 2003).....................................................17

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984)........................................................19, 21

*Keith v. Lighthouse Sec., Ltd.*,
   No. 5:92 CV 0185(GLG), 1997 WL 380430 (D. Conn. June 17,
   1997)................................................................................10

*Kennedy v. Freeman*,
   919 F.2d 126 (10th Cir. 1990)...............................................................16

*Kondrat v. Morris*,
   118 Ohio App. 3d 198 (Ohio Ct. App. 1997) .............................................11

*Loyd v. Huntington Bank*,
   No. 1:08 CV 2301, 2009 WL 1767586 (N.D. Ohio June 18,
   2009)................................................................................11, 12

*Luther v. Countrywide Home Loans Servicing LP*,
   No. BC380698 (Cal. Super. Ct. Nov. 14, 2007) .......................................4, 7

*Malone v. Nuber*,
   No. C07-2046RSL, 2009 WL 481285 (W.D. Wash. Feb. 23,
   2009)................................................................................15

*Maricopa County v. Am. Petrofina, Inc.*,
   322 F. Supp. 467, 469 (N.D. Cal. 1971) ..................................................15

*McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   727 F. Supp. 833 (S.D.N.Y. 1989)..........................................................12

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- iv -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL NO. 11-ML-02265-MRP (MANx)

**Page(s)**

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
    722 F. Supp. 2d 1157 (C.D. Cal. 2010)...................................................5

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
    No. 10-cv-00302-MRP (MANx) (C.D. Cal. Jan. 14, 2010) ..........................4

*Merck & Co. v. Reynolds*,
    130 S. Ct. 1784 (2010) ...............................................................5

*MFS Series Trust III ex rel. MFS Mun. High Income Fund v. Grainger*,
    96 P.3d 927 (Utah 2004) .........................................................17

*Morley v. Cohen*,
    610 F. Supp. 798 (D. Md. 1985) ...............................................15

*National Integrity Life Insurance Co. v. Countrywide Financial Corp.*,
    No. 11-cv-09889 MRP (MANx) (C.D. Cal. Nov. 9, 2011) ...................passim

*New Mexico State Inv. Council v. Countrywide Fin. Corp.*,
    No. D-0101-CV-2008-02289 (N.M. Dist. Ct. Apr. 14, 2009) .....................23

*New York City Employees' Ret. Sys. v. Countrywide Fin. Corp.*,
    No. 08-cv-00492-ODW (C.D. Cal. Jan. 25, 2008) .......................................6

*Office of the Att'y Gen. v. Mozilo*,
    No. 08-30105 (19) (Fl. Cir. Ct. June 6, 2011)...........................................22

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006).................................................................21

*People v. Countrywide Fin. Corp.*,
    No. 08CH22994 (Ill. Cir. Ct. Jun. 24, 2010)...........................................23

*Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*,
    648 F.3d 533 (7th Cir. 2011).................................................................8

*Putnam Bank v. Countrywide Financial Corp.*,
    No. 11-cv-04698 MRP (MANx) (C.D. Cal. Jan. 27, 2011)............ 1, 3, 4, 10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)...........................................................20, 21

*Sealink Funding Ltd. v. Countrywide Financial Corp.*,
    No. 11-cv-08898 MRP (MANx) (C.D. Cal. Sept. 29, 2011)..........1, 3, 14, 25

*SEC v. Ross*,
    504 F.3d 1130 (9th Cir. 2007)...............................................................18

*Stichting Pensioenfonds ABP v. Countrywide Financial Corporation*,
    --- F. Supp. 2d ----, No. 10-cv-07275-MRP (MANx), 2011 WL
    3558173 (C.D. Cal. Aug. 9, 2011) ......................................................passim

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- v -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

|  | **Page(s)** |
|---|---|

*Toyz, Inc. v. Wireless Toyz, Inc.,*
No. C 09-05091 JF (HRL), 2010 WL 334475 (N.D. Cal. Jan. 25,
2010)............................................................................................................22

*Transp. Alliance Bank, Inc. v. Arrow Trucking Co.,*
No. 10-CV-16-GKF-PJC, 2011 WL 221863 (N.D. Okla. Jan. 21,
2011)............................................................................................................13

*United Financial Casualty Co. v. Countrywide Financial Corporation,*
No. 11-cv-04766-MRP (MANx), slip op. (C.D. Cal. Nov. 16,
2011)...............................................................................................1, 2, 6, 10

*Vaccariello v. Smith & Nephew Richards, Inc.,*
763 N.E.2d 160 (Ohio 2002)........................................................................11

*Walker v. Walker,*
310 P.2d 760 (Okla. 1957)............................................................................14

*Wash. State Plumbing & Pipe. Pension Tr. v. Countrywide Fin. Corp.,*
No. BC392571 (Cal. Super. Ct. June 12, 2008)..............................................4

*Western & Southern Life Ins. Co. v. Countrywide Financial Corp.,*
No. 11-cv-07166 MRP (MANx) (C.D. Cal. April 27, 2011)................passim

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.,*
413 F.3d 553 (6th Cir. 2005)........................................................................11

**Statutes**

15 U.S.C. § 77m .........................................................................................5

28 U.S.C. § 1658(b)(1) ...............................................................................5

28 U.S.C. § 1658(b)(2) ...............................................................................5

28 U.S.C. Section 1407 ..............................................................................11

Conn. Gen. Stat. § 36b-29(f) ......................................................................10

N.Y. C.P.L.R. 202 ......................................................................................12

N.Y. C.P.L.R. 214(4) ..................................................................................14

Ohio Rev. Code § 1707.43(B) .....................................................................10

Ohio Rev. Code § 2307.382 ........................................................................17

Ohio Rev. Code § 2923.34(K) .....................................................................17

Okla. Stat. tit. 12, § 95(A)(3) .....................................................................13

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- vi -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1    I.    **INTRODUCTION**[1]

2        These five cases, brought by sophisticated institutional purchasers of

3    Countrywide mortgage-backed securities ("MBS"), are nearly identical to three

4    others that this Court dismissed as to Defendant Angelo Mozilo:  *Stichting*

5    *Pensioenfonds ABP v. Countrywide Financial Corporation*, --- F. Supp. 2d ----,

6    No. 10-cv-07275-MRP (MANx), 2011 WL 3558173 (C.D. Cal. Aug. 9, 2011);

7    *Allstate Insurance Company v. Countrywide Financial Corporation*, --- F. Supp. 2d

8    ----, No. 11-cv-05236-MRP (MANx), 2011 WL 5067128 (C.D. Cal. Oct. 21, 2011);

9    and *United Financial Casualty Co. v. Countrywide Financial Corporation*,

10   No. 11-cv-04766-MRP (MANx), slip op. (C.D. Cal. Nov. 16, 2011)

11   ("*Progressive*"), Def. Mozilo's Request for Judicial Notice ("RJN") ¶ 1, Ex. 1.  In

12   *Stichting*, *Allstate*, and *Progressive*, the Court found that claims against Mr. Mozilo

13   were time-barred, and there is no reason for a different result here.

14       The limitations period for the federal and the state law securities claims

15   against Mr. Mozilo is one or two years from the date of discovery.  The civil

16   conspiracy claims against Mr. Mozilo are also subject to a two-year limitations

17   period, which runs from discovery, as is the aiding and abetting fraud claim in

18   *American Fidelity*.  Faced with these same and similar statutes of limitations, this

19   Court found that the allegations against Mr. Mozilo in *Stichting*, *Allstate*, and

20   *Progressive* – the same allegations as advanced in this case – were time-barred as a

---

21       [1] Mr. Mozilo brings this consolidated motion to dismiss:  (1) the Amended
22   Complaint in *American Fidelity Assurance Co. v. Countrywide Financial Corp.*,
     No. 11-cv-07167 MRP (MANx) (C.D. Cal. Apr. 11, 2011); (2) the Complaint in
23   *National Integrity Life Insurance Co. v. Countrywide Financial Corp.*,
     No. 11-cv-09889 MRP (MANx) (C.D. Cal. Nov. 9, 2011); (3) the Complaint in
24   *Putnam Bank v. Countrywide Financial Corp.*, No. 11-cv-04698 MRP (MANx)
     (C.D. Cal. Jan. 27, 2011); (4) the Complaint in *Sealink Funding Ltd. v. Countrywide*
25   *Financial Corp.*, No. 11-cv-08898 MRP (MANx) (C.D. Cal. Sept. 29, 2011); and
     (5) the Amended Complaint in *The Western and Southern Life Insurance Co. v.*
26   *Countrywide Financial Corp.*, No. 11-cv-07166 MRP (MANx) (C.D. Cal. April 27,
     2011) (collectively, the plaintiffs and operative complaints in the aforementioned
27   cases are referred to herein as the "Plaintiffs" and the "Complaints," respectively).
     Mr. Mozilo also joins in and incorporates by reference, to the extent applicable to
28   the claims against him, the other defendants' motions to dismiss.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 1 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  matter of law. *Stichting*, 2011 WL 3558173, at *13; *Allstate*, 2011 WL 5067128, at
2  *13; *Progressive*, slip op. at 3. In fact, the Complaints here are even more stale; all
3  of them were filed **after** the complaints in *Allstate*, and all but one were filed after
4  the First Amended Complaint ("FAC") in *Stichting*.

5       The lone negligent misrepresentation claim against Mr. Mozilo in *Sealink* is
6  subject to a three-year limitations period, which runs from the date of the alleged
7  misstatement on which the plaintiff relied. Because all of Sealink's MBS purchases
8  were made more than three years before the complaint was filed, the negligent
9  misrepresentation claim against Mr. Mozilo is time-barred as a matter of law.

10      As in *Stichting*, *Allstate*, and *Progressive*, the Complaints demonstrate on
11 their face that Plaintiffs discovered, or reasonably could have discovered, their
12 alleged claims against Mr. Mozilo years ago. The alleged misconduct is the same
13 conduct alleged in a nearly-identical MBS class action filed more than three years
14 before the Complaints at issue here. Mr. Mozilo was not named in that class action
15 and that fact alone precludes any argument that Plaintiffs' claims could relate back
16 as to him to the earlier-filed class case. Moreover, the Complaints repeatedly crib
17 from prior shareholder, regulatory, and other complaints against Countrywide and
18 Mr. Mozilo, each of which also was filed long ago, further establishing that these
19 cases are time-barred as to Mr. Mozilo. *See, e.g.*, *Am. Fidelity* Am. Compl. ¶ 213
20 (citing Countrywide shareholder class action as supposed proof of alleged
21 abandonment of underwriting guidelines); *Sealink* Compl. ¶ 93 (same).

22      In addition, the state law claims against Mr. Mozilo in *American Fidelity* and
23 *Western & Southern* fail for lack of personal jurisdiction. *American Fidelity* and
24 *Western & Southern* were originally brought in Oklahoma and Ohio, then
25 transferred to this Court as part of the Countywide MBS multi-district litigation
26 ("MDL"). When a case is transferred to an MDL, personal jurisdiction is analyzed
27 from the perspective of the transferor court, meaning that if Oklahoma and Ohio
28 lack personal jurisdiction over Mr. Mozilo, the cases must be dismissed. Moreover,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 2 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

because the federal claims are untimely as a matter of law, the nationwide service of process provisions in the federal securities acts cannot be used as the basis for personal jurisdiction over Mr. Mozilo.  Plaintiffs must proffer an independent jurisdictional basis for any remaining state law claims.  Because Mr. Mozilo had no contact with Oklahoma or Ohio, Plaintiffs cannot make this showing.

## II.   BACKGROUND AND ALLEGATIONS AS TO MR. MOZILO

*The Claims against Mr. Mozilo.*  Mr. Mozilo faces the following claims: (1) Section 15 under the Securities Act of 1933 (the "Securities Act") – in *American Fidelity*; (2) Section 20(a) under the Securities Exchange Act of 1934 (the "Exchange Act") – in *National Integrity*, *Putnam*, and *Western & Southern*; (3) Connecticut Uniform Securities Act – in *Putnam*; (4) Ohio Securities Act – in *National Integrity* and *Western & Southern*; (5) Ohio Corrupt Activities Act – in *National Integrity* and *Western & Southern*; (6) Aiding and Abetting Fraud – in *American Fidelity* and *Sealink*; (7) Negligent Misrepresentation – in *Sealink*; and (8) Civil Conspiracy – in *National Integrity* and *Western & Southern*.

For the convenience of the Court, attached hereto as Appendix A is a chart of the claims against Mr. Mozilo, the limitations period, and a citation to the governing statute/case law providing that limitation period.

*The Securitizations.*  All the claims here rest upon alleged misstatements in MBS offering documents.  *See, e.g., Am. Fidelity* Am. Compl. ¶¶ 1, 4, 41-42, 72-93, 253-56, 403, 460-62, 464-65; *National Integrity* Compl. ¶¶ 1, 76-80, 84, 205-07, 241-44, 257-58, 260-62, 283-86, 400, 405, 409, 452; *Putnam* Compl. ¶¶ 1-2, 5, 10-11, 36, 44, 53, 55-82, 97-100, 172-73; *Sealink* Compl. ¶¶ 1-2, 52-64, 82, 95-96, 98-118, 129, 139, 150, 161-64, 166; *Western & Southern* Am. Compl. ¶¶ 1, 76-80, 84, 205-07, 241-44, 257-58, 260-62, 283-86, 400, 405, 409, 452.  The MBS securitizations at issue are alleged to have taken place between 2005 and March 25, 2008.  *See Am. Fidelity* Am. Compl. ¶ 5; *National Integrity* Compl. ¶ 75; *Putnam* Compl. ¶¶ 2, 11; *Sealink* Compl. ¶ 2; *Western & Southern* Am. Compl. ¶ 75.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 3 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL NO. 11-ML-02265-MRP (MANx)

1    ***The Class Action.***  On November 14, 2007, a class action attacking hundreds
2    of Countrywide MBS securitizations was filed in California state court.  *Luther v.*
3    *Countrywide Home Loans Servicing LP*, No. BC380698 (Cal. Super. Ct. Nov. 14,
4    2007).  On June 12, 2008, another class action added more securitizations.  *Wash.*
5    *State Plumbing & Pipefitting Pension Trust v. Countrywide Fin. Corp.*,
6    No. BC392571 (Cal. Super. Ct. June 12, 2008).  These actions were consolidated in
7    2008 and ultimately re-filed in January 2010 before this Court.  *Me. State Ret.*
8    *Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRP (MANx) (C.D. Cal. Jan. 14,
9    2010).  Nearly every MBS deal at issue here was also at issue in the class action.
10   *Compare Am. Fidelity* Am. Compl. ¶ 32, *National Integrity* Compl. ¶¶ 75, 394,
11   Ex. A, *Putnam* Compl. ¶ 15, *Sealink* Compl. ¶ 33, *and Western & Southern* Am.
12   Compl. ¶¶ 75, 394, Ex. A *with Me. State* Compl. ¶ 47, RJN ¶ 2, Ex. 2 at 22-52.

13        ***However, Mr. Mozilo was never a party to the class action.***  *See Putnam*
14   Compl. ¶ 117 ("Except for the Bank of America Defendants, Mozilo, and
15   Countrywide Capital Markets, each Defendant in this Complaint was also a
16   defendant in the *Luther* or *Washington State Plumbing* class actions.").  He appeared
17   as a defendant for the first time when Plaintiffs filed their respective Complaints in
18   these actions, the earliest on January 27, 2011 and latest on November 9, 2011.  This
19   Court will recall that the complaint in *Allstate* and the amended complaint in
20   *Stichting* were filed on December 27, 2010 and February 14, 2011, respectively –
21   making the Complaints here even more stale.

22   **III.   ALL OF PLAINTIFFS' FEDERAL SECURITIES CLAIMS ARE**
23   **TIME-BARRED AS TO MR. MOZILO**

24        Mr. Mozilo faces control person claims under Section 15 of the Securities Act
25   in *American Fidelity* and Section 20(a) of the Exchange Act in *National Integrity*,
26   *Putnam*, and *Western & Southern*.[2]  Claims under the Securities Act must be

27   _____
       [2] Although Mr. Mozilo faced a Section 20(a) claim in American Fidelity's
28   original complaint, the Section 20(a) claim against him has been dropped from the
     amended complaint.  *Am. Fidelity* Am. Compl. ¶ 402.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258                                    - 4 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  brought within "one year after the discovery of the untrue statement or the

2  omission." 15 U.S.C. § 77m.  Claims under the Exchange Act must be brought

3  within two years "after the discovery of the facts constituting the violation." 28

4  U.S.C. § 1658(b)(1).

5       The limitations period under the Securities Act runs from discovery of the

6  alleged misstatement "or after such discovery should have been made by the

7  exercise of reasonable diligence." 15 U.S.C. § 77m.  Similarly, under the Exchange

8  Act, "discovery . . . encompasses not only those facts the plaintiff actually knew, but

9  also those facts a reasonably diligent plaintiff would have known." *Merck & Co. v.*

10 *Reynolds*, 130 S. Ct. 1784, 1796 (2010) (internal quotations omitted); *Stichting*,

11 2011 WL 3558173, at *6; *Allstate*, 2011 WL 5067128, at *11.  Thus, the limitations

12 period begins to run when the plaintiff discovers or reasonably could have

13 discovered the facts constituting the violation – whichever comes first.  *Merck*, 130

14 S. Ct. at 1794-95; *Stichting*, 2011 WL 3558173, at *6; *Allstate*, 2011 WL 5067128,

15 at *11.  Under this standard, the statute begins to run (at the latest) when the facts

16 constituting the violation are publicly disclosed, including through other lawsuits.

17 *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09-CV-01376-LHK,

18 2010 WL 4117477, at *6-7 (N.D. Cal. Oct. 19, 2010) (dismissing lawsuit as stale

19 because its claims overlapped with a prior lawsuit concerning the same MBS

20 offerings with the same registration statements and prospectuses); *Stichting*, 2011

21 WL 3558173, at *8, 10-11; *Allstate*, 2011 WL 5067128, at *11; *Me. State Ret. Sys.*

22 *v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1165 (C.D. Cal. 2010).

23       A.    Prior Complaints, Including the Nearly Identical MBS Class Action,

24             Triggered Discovery as a Matter of Law

25       Here, the Complaints demonstrate on their face that the federal securities

26 claims against Mr. Mozilo are time-barred.  The allegations in the Complaints are

27 substantively identical to the *Stichting*, *Allstate*, and *Progressive* complaints that this

28 Court already found to be time-barred.  As the Court found in *Stichting*, *Allstate*,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 5 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1    and *Progressive*, other complaints and press reports made clear that a reasonable

2    investor exercising reasonable diligence would have discovered facts sufficient to

3    state every element of the plaintiffs' federal securities claims (including scienter) by

4    late 2007. *Stichting*, 2011 WL 3558173, at *8-13; *see also Allstate*, 2011 WL

5    5067128, at *11; *Progressive*, slip. op. at 3. This finding dooms Plaintiffs' claims

6    here because the Complaints were not filed until 2011, more than three years after

7    the applicable one- and two-year limitations periods began to run.

8        As in *Stichting*, *Allstate*, and *Progressive*, the gravamen of the Complaints is

9    that "Countrywide knowingly and systematically abandoned its underwriting

10   practices." *Compare Stichting*, 2011 WL 3558173, at *7, *Allstate*, 2011 WL

11   5067128, at *11, *and Progressive*, slip. op. at 3 *with* Appendix B hereto. As this

12   Court has previously held, abandoned underwriting allegations against Countrywide

13   and Mr. Mozilo are not new, having been made by other plaintiffs since 2007.

14   *Stichting*, 2011 WL 3558173, at *8-9 ("Here, the gravamen of Plaintiff's claim is

15   that Countrywide wholly abandoned its underwriting standards. The press and

16   numerous widely reported lawsuits had made exactly this allegation by the end of

17   2007."); *Allstate*, 2011 WL 5067128, at *11; *Progressive*, slip. op. at 3.[3]  For

18   example, as this Court has recognized, the MBS class action (which was filed on

19   November 14, 2007 and in which Plaintiffs were putative class members) alleged

20   the "the same abandonment of underwriting standards and misrepresentations."

21   *Stichting*, 2011 WL 3558173, at *8; *see also Luther v. Countrywide Home Loans*

22   *Servicing LP*, No. BC380698 (Cal. Super. Ct. Nov. 14, 2007).[4]

---

23       [3] *See also, e.g., Ark. Teacher Ret. Sys., Fire & Police Pension Ass'n of Colo.*

24   *v. Mozilo*, No. 07-cv-06923-MRP (MANx) (C.D. Cal. Oct. 24, 2007); *Argent*
     *Classic Convertible Arbitrage Fund L.P. v. Countrywide Fin. Corp.*, No. 07-CV-

25   07097-MRP (MANx) (C.D. Cal. Oct. 30, 2007); *New York City Employees' Ret.*
     *Sys. v. Countrywide Fin. Corp.*, No. 08-cv-00492-ODW (C.D. Cal. Jan. 25, 2008);

26   *In re Countrywide Fin. Corp. Deriv. Litig.*, No. 07-CV-06923-MRP (MANx) (C.D.
     Cal. Feb. 15, 2008); *In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-CV-05295-

27   MRP (MANx) (C.D. Cal. Apr. 11, 2008).

28       [4] Relying on *Luther*, Plaintiffs claim the benefit of class action tolling under
     *American Pipe & Construction Co. v. Utah*, 414 U.S. 528 (1974). *See Am. Fidelity*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258                                    - 6 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1    The Complaints themselves concede that Plaintiffs' allegations are not new:

2  "Defendants' activities as a buyer, financer and securitizer of residential mortgage

3  loans have been the focus of numerous government investigations and prosecutions

4  as well as private investor lawsuits." *Sealink* Compl. ¶ 34; *see also Am. Fidelity*

5  Am. Compl. ¶ 198 ("Countrywide's unlawful conduct ha[s] prompted a substantial

6  number of public and private inquiries, investigations and actions."); *National*

7  *Integrity* Compl. ¶¶ 13-14; *Western & Southern* Am. Compl. ¶¶ 13-14.  Indeed,

8  Plaintiffs cite many of these complaints as purported evidence of their claims. *See,*

9  *e.g.*, *Am. Fidelity* Am. Compl. ¶¶ 59, 100-03, 154-157, 159, 161-62, 167, 174-76,

10  178-79, 183, 204-06, 208-10, 213, 237-39; *National Integrity* Compl. ¶¶ 107-111,

11  163, 247-49, 253-54; *Sealink* Compl. ¶¶ 6, 82, 84-85, 92-93; *Western & Southern*

12  Am. Compl. ¶¶ 107-111, 163, 247-49, 253-54.

13    By copycatting allegations made long ago in shareholder, regulatory, and

14  other actions against Countrywide and Mr. Mozilo, the Complaints demonstrate on

15  their face that the claims against Mr. Mozilo are time-barred as a matter of law.[5]

16  ────────────────────

17  Am. Compl. ¶¶ 380-90, 444, 456; *National Integrity* Compl. ¶¶ 389-98; *Putnam*
Compl. ¶¶ 105-16; *Western & Southern* Am. Compl. ¶¶ 389-98.  However, in
18  addition to the reasons tolling does not apply to all defendants, tolling cannot apply
to Mr. Mozilo **because he was not a defendant in the MBS class action.** *See*
19  *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977), *overruled on other*
*grounds by Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 348 50 (1983);
20  *Footbridge Ltd. Trust v. Countywide Fin. Corp.*, 770 F. Supp. 2d 618, 624 n.1
(S.D.N.Y. 2011).
21
    [5] The Section 15 and Section 20(a) control person claims against Mr. Mozilo
22  should be dismissed for the additional reason that Plaintiffs cannot plead valid and
timely predicate violations under the Securities Act or the Exchange Act. *Stichting*,
23  2011 WL 3558173, at *11; *Allstate*, 2011 WL 5067128, at *13.  In addition, the
Section 15 claim is so stale as to Mr. Mozilo that it is barred by the Securities Act's
24  three-year statute of repose.  15 U.S.C. § 77m; *Am. Fidelity* Am. Compl. ¶ 5
(alleging most recent MBS purchase took place in November 2007); *see also*
25  Countrywide Defs' Mem. ISO Mot. to Dismiss ("Countrywide Defs' Mem.")
Part III.A.  Likewise, the Section 20(a) claims with respect to many of the MBS
26  securitizations are also barred by the Exchange Act's five-year statute of repose.  28
U.S.C. § 1658(b)(2); *National Integrity* Compl. ¶¶ 75, Ex. A (alleging ten MBS
27  purchases took place more than five years ago); *Western & Southern* Am. Compl.
¶¶ 75, Ex. A (alleging thirty-eight MBS purchases took place more than five years
28  ago); *see also* Countrywide Defs' Mem. Parts IV.B & V.B.2.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 7 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

B.   <u>The SEC Complaint Cannot Revive Plaintiffs' Time-Barred Claims</u>

Certain Plaintiffs suggest that their claims are timely because they could not have discovered scienter or certain documents and deposition testimony until the SEC complaint was filed on June 4, 2009. *See Am. Fidelity* Am. Compl. ¶¶ 104, 136; *National Integrity* Compl. ¶¶ 85, 385; *Putnam* Compl. ¶¶ 86, 118; *Western & Southern* Am. Compl. ¶¶ 85, 385. However, this Court already rejected this very argument in *Stichting*:

> Plaintiff's reliance on semantic distinctions and supposedly new revelations in the SEC complaint is not persuasive.  The SEC complaint may perhaps include more detail than earlier-filed complaints, but it does not contain any fundamentally new revelation.  All the facts alleged had been widely reported already[.]

*Stichting*, 2011 WL 3558173, at *11.[6]  "Other plaintiffs recognized that such facts were available by 2007, and this Court subsequently held that those plaintiffs had pleaded scienter adequately."  *Id.*; *see also In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008); *In re Countrywide Fin. Corp. Derivative Litig.*, 554 F. Supp. 2d 1044 (C.D. Cal. 2008).  This Court's prior opinions on this topic find ample support in the law.  *Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 537 (7th Cir. 2011) (Easterbrook, C. J.) (noting that "[t]here's no magic in the filing date of the Commission's complaint," and that "[i]t would be silly to conclude that, because the SEC did not file its complaint until September 2003, no reasonably diligent person could have inferred *scienter*

---

[6] Plaintiffs' argument is also undercut by their own allegations, which state that cases well prior to the SEC complaint addressed the very same issues. *See, e.g.*, *Am. Fidelity* Am. Compl. ¶ 252 ("Other courts have similarly found that allegations similar to those made here relating to the activities of Countrywide and its executives present a 'cogent and compelling inference of scienter.'") (citing this Court's decision in *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008)); *Western & Southern* Compl. ¶ 319 (same).  Ironically, *National Integrity* (which is being prosecuted by the same counsel who represents *Western & Southern*) was filed more than two years after the SEC complaint.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 8 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  earlier."). Accordingly, Plaintiffs cannot rely on the filing date of the SEC

2  complaint to rescue their belated claims.

3          C.     <u>An Allegedly New MBS Valuation Model Cannot Revive Plaintiffs'</u>

4               <u>Time-Barred Claims</u>

5        The supposed facts triggering discovery are an ever-moving target in these

6  MDL cases, changing shape every time another milestone passes or another decision

7  is rendered by this Court on the statute of limitations. After this Court's decision in

8  *Stichting*, the plaintiffs in *Western & Southern* requested and were granted

9  permission to file an amended complaint. So they changed their supposed facts that

10 triggered discovery. Whereas previously it was the SEC complaint (*Western &*

11 *Southern* Compl. ¶¶ 4, 16, 124, 260), it has now changed to an entirely new theory.

12 Now Western & Southern contends it could not have discovered its claims until a

13 new MBS valuation model was developed in mid-to-late 2009 and it determined that

14 its MBS were impaired. *Western & Southern* Am. Compl. ¶¶ 372-83; *see also*

15 *National Integrity* Compl. ¶¶ 372-83.[7] Plaintiffs miss the mark again.[8]

16       Plaintiffs' new theory is irrelevant to this Court's prior reasoning in

17 dismissing nearly-identical cases. As this Court already found, a reasonably diligent

18     [7] National Integrity was one of the plaintiffs in the original *Western &*
*Southern* complaint and is represented by the same counsel. However, rather than
19 file an amended complaint, National Integrity attempted to hedge its bets by filing a
spinoff action in New York (apparently hoping to secure a longer statute of
20 limitations). National Integrity also had a change of heart on what triggered its
discovery of its claims, moving from the SEC complaint to the same new theory
21 Western & Southern proffers.

22     [8] Western & Southern and National Integrity proffer other supposed reasons
why they could not have discovered their claims until recently. *See Western &*
23 *Southern* Am. Compl. ¶ 384 (alleging no diminution in interest or principal
payments until February 2010); ¶¶ 386-87 (alleging fraudulent concealment based
24 on "robo-signing," forgery, and perjury relating to foreclosures practices), ¶ 387
(alleging fraudulent concealment based on intimidation of whistleblowers); *National*
25 *Integrity* Compl. ¶¶ 384, 386-87. As an initial matter, under Plaintiffs' own theory,
alleged fraudulent concealment occurred long after Mr. Mozilo retired from
26 Countrywide Financial Corporation ("CFC") on July 1, 2008. *Western & Southern*
Am. Compl. ¶ 28; *National Integrity* Compl. ¶ 28. Plaintiffs also ignore that this
27 Court has already found that MBS investors exercising reasonable diligence would
have discovered their claims years ago. There is no reason for a different result
28 here. *See also* Countrywide Defs' Mem. Parts IV.B, IV.C, V.B.2 & V.B.3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 9 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1   MBS investor would have discovered facts giving rise to their alleged claims years

2   ago. *Stichting*, 2011 WL 3558173, at *11; *Allstate*, 2011 WL 5067128, at *11-13;

3   *Progressive*, slip. op. at 3. Indeed, virtually identical arguments were rejected in

4   *Allstate*. Like *Western & Southern* and *National Integrity*, Allstate claimed it could

5   not have discovered the facts constituting its claims until its MBS were downgraded

6   and certain loan-level analyses were conducted. *Allstate*, 2011 WL 5067128, at *11.

7   This Court rejected both arguments, finding that the plaintiffs were confusing facts

8   with summaries and opinions. *Id.* at *11-13. The gist of all of these MDL cases is

9   that Countrywide allegedly "abandoned underwriting" and that this negatively

10  affected the risk profile (and therefore the value) of Plaintiffs' MBS. Under

11  Plaintiffs' own theory, those facts were known long ago, and Plaintiffs' attempts to

12  twist models, tools, and summaries into new facts is just a futile and improper

13  attempt to delay the running of the limitations period *ad infinitum*.

14  **IV.   ALL OF PLAINTIFFS' STATE SECURITIES CLAIMS ARE**

15  **TIME-BARRED AS TO MR. MOZILO**

16       Mr. Mozilo faces claims under two blue-sky statutes: (1) the Connecticut

17  Uniform Securities Act ("CUSA") in *Putnam*; and (2) the Ohio Securities Act in

18  *National Integrity* and *Western & Southern*. Both the Connecticut and Ohio

19  blue-sky statutes are subject to a two-year statute of limitations. Conn. Gen. Stat.

20  § 36b-29(f); *Keith v. Lighthouse Sec., Ltd.*, No. 5:92 CV 0185(GLG), 1997 WL

21  380430, at *6 (D. Conn. June 17, 1997) ("Claims brought pursuant to CUSA are

22  governed by the statute of limitations set forth in the remedial provision of CUSA,

23  § 36-498(a) (now § 36b–29)."); Ohio Rev. Code § 1707.43(B).

24       Under CUSA, the two-year limitations period runs from discovery of the

25  alleged misrepresentation or from the date it should have been discovered in the

26  exercise of reasonable diligence. Conn. Gen. Stat. § 36b-29(f). The two-year

27  limitations period under the Ohio Securities Act likewise runs from the time the

28  plaintiff "knew, or had reason to know" of the facts underlying its claims. Ohio

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 10 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1   Rev. Code § 1707.43(B); *Kondrat v. Morris*, 118 Ohio App. 3d 198, 205 (Ohio Ct.

2   App. 1997); *Loyd v. Huntington Bank*, No. 1:08 CV 2301, 2009 WL 1767585, at *9

3   (N.D. Ohio June 18, 2009) ("[C]onstructive notice is . . . sufficient to start the

4   two-year period running under [the Ohio Securities Act]."); *Wyser-Pratte Mgmt. Co.*

5   *v. Telxon Corp.*, 413 F.3d 553, 562-63 (6th Cir. 2005) (statute of limitations under

6   the Ohio Securities Act triggered by inquiry notice).

7       Because a two-year statute of limitations applies, the claims against

8   Mr. Mozilo under CUSA and the Ohio Securities Act are untimely for the same

9   reasons that the federal securities claims against him are untimely. *See supra*

10  Part III; *see also Harman v. Bench Sec. Corp.*, No. CV 950534266S, 1998 WL

11  46691, at *1-2 (Conn. Super. Ct. Jan. 22, 1998) (holding CUSA claim time-barred

12  because the statute of limitations was triggered by a prior class action complaint);

13  *Loyd*, 2009 WL 1767585, at *10-11 & n.24 (holding claims time-barred because the

14  limitations period under the Ohio Securities Act was triggered by, among other

15  things, a prior class action lawsuit concerning "nearly identical" allegations).

16      The *National Integrity* and *Western & Southern* Plaintiffs claim their Ohio

17  Securities Act claims are tolled under *Vaccariello v. Smith & Nephew*

18  *Richards, Inc.*, 763 N.E.2d 160 (Ohio 2002). *See National Integrity* Compl. ¶ 388;

19  *Western & Southern* Am. Compl. ¶ 388. However, tolling cannot apply to

20  Mr. Mozilo because he was not a defendant in the MBS class action. *Wyser-Pratte*,

21  413 F.3d at 567-68 ("[C]lass action tolling does not apply to a defendant not named

22  in the class action complaint."); *see also supra* note 4.

23  **V.   PLAINTIFFS' CIVIL CONSPIRACY CLAIMS ARE TIME-BARRED**

24          **AS TO MR. MOZILO**

25      Mr. Mozilo faces civil conspiracy claims in *National Integrity* and *Western &*

26  *Southern*. Because *National Integrity* was transferred from the Southern District of

27  New York pursuant to 28 U.S.C. Section 1407, New York law applies to the

28  common-law claims in that case. *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 11 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1491-92 (9th Cir. 1985).  However, because National Integrity is an Ohio resident, New York's borrowing statute provides that National Integrity's claims must be timely under both New York and Ohio law.  N.Y. C.P.L.R. 202.[9]  Ohio's statute of limitations also applies to the civil conspiracy claim in *Western & Southern* because *Western & Southern* was transferred to this Court from the Southern District of Ohio.  *In re Nucorp*, 772 F.2d at 1491-92.

Civil conspiracy is a derivative claim that requires a viable underlying cause of action.  *Ford Motor Credit Co. v. Jones*, No. 92428, 2009 WL 1912626, at *4 (Ohio Ct. App. July 2, 2009).  "Thus, the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge."  *Id.*  Here, the underlying causes of action are based on federal, state, and common-law claims of securities fraud.  *National Integrity* Compl. ¶ 496; *Western & Southern* Am. Compl. ¶ 496.  Accordingly, the civil conspiracy claims are untimely to the extent the underlying securities fraud claims are untimely.

As discussed above, the underlying federal securities claims are time-barred by a two-year statute of limitations.  *See supra* Part III.  The underlying Ohio Securities Act claims are also time-barred by a two-year statute of limitations.  *See supra* Part IV.  The underlying common-law claims are time-barred as well.  Under Ohio law, common-law claims "inextricably intertwined" with the sale of securities are subject to the Ohio Securities Act's two-year statute of limitations.  *Loyd*, 2009 WL 1767585, at *8-9 (applying two-year limitations period to common-law fraud and civil conspiracy); *Hardin v. Reliance Trust Co.*, No. 1:04 CV 02079, 2006 WL

---

[9] Under New York's borrowing statute, a cause of action by a non-New York resident must be timely under the limitations periods of both New York and the jurisdiction where the cause of action accrued.  N.Y. C.P.L.R. 202.  "When an injury is purely economic, the place of injury for purposes of the borrowing statute is where the economic impact of defendant's conduct is felt, which is usually the plaintiff's place of residence."  *Gordon & Co. v. Ross*, 63 F. Supp. 2d 405, 408 (S.D.N.Y. 1999); *see also McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 834 (S.D.N.Y. 1989) (residency determined by principal place of business).  As discussed in the Countrywide Defendants' Memorandum, National Integrity is a resident of Ohio.  *See* Countrywide Defs' Mem. Part V.B.4.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 12 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  2850455, at *11 (N.D. Ohio Sept. 29, 2006) (applying two-year limitations period to

2  civil conspiracy claim "shar[ing] the same factual basis" as Ohio Securities Act

3  claim).  There is no question that the common-law claims alleged here are

4  "inextricably intertwined" with securities sales.  Accordingly, the Ohio Securities

5  Act's two-year limitations period applies, and the common-law claims are

6  time-barred for all the same reasons.  Because the underlying causes of action are

7  untimely, the civil conspiracy claims against Mr. Mozilo fail.

8  **VI.   AMERICAN FIDELITY'S AIDING AND ABETTING FRAUD CLAIM**

9  **IS TIME-BARRED AS TO MR. MOZILO**

10        Mr. Mozilo faces an aiding and abetting fraud claim in *American Fidelity*.

11 Because *American Fidelity* was transferred from the Western District of Oklahoma,

12 Oklahoma law applies to this claim.  *In re Nucorp*, 772 F.2d at 1491-92.  Oklahoma

13 does not recognize a cause of action for aiding and abetting fraud.  *Transp. Alliance*

14 *Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-16-GKF-PJC, 2011 WL 221863, at *5

15 (N.D. Okla. Jan. 21, 2011) ("It does not appear that Oklahoma recognizes a cause of

16 action for acquiescing in, or aiding and abetting, common law fraud."); *Eastwood v.*

17 *Nat'l Bank of Commerce*, 673 F. Supp. 1068, 1081 (W.D. Okla. 1987).  This fact

18 alone is fatal to American Fidelity's claim against Mr. Mozilo.

19        Moreover, even if Oklahoma recognized a claim for aiding and abetting fraud,

20 the claim would be time-barred because Oklahoma's statute of limitations for

21 fraud-based claims is two years from discovery.  Okla. Stat. tit. 12, § 95(A)(3).[10]

22 Under this discovery standard, "[f]raud is deemed to be discovered . . . when in the

23

---

24        [10] Oklahoma has a borrowing statute that provides that "[t]he period of
   limitation applicable to a claim accruing outside of this state shall be that prescribed
25 either by the law of the place where the claim accrued or by the law of this state,
   whichever last bars the claim." Okla. Stat. tit. 12, § 105.  Because the aiding and
26 abetting claim against Mr. Mozilo necessarily accrued in either Oklahoma or
   California, the Court need not determine which state's statute of limitations applies
27 because the aiding and abetting claim is time-barred under both. *Stichting*, 2011
   WL 3558173, at *12 (aiding and abetting fraud claim against Mr. Mozilo
28 time-barred by California's three-year statute of limitations).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258                                          - 13 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1   exercise of reasonable diligence it could have been discovered." *Gallaher v. Salem*,

2   No. CIV-07-974-F, 2009 WL 2591669, at *6 (W.D. Okla. Aug. 20, 2009) (quoting

3   *Walker v. Walker*, 310 P.2d 760, 763 (Okla. 1957)).  Thus, if Oklahoma recognized

4   a cause of action for aiding and abetting fraud (which it does not), the aiding and

5   abetting fraud claim against Mr. Mozilo would be untimely for the same reasons that

6   the federal securities claims against him are untimely.  *See supra* Part III.

7   **VII.   SEALINK'S NEGLIGENT MISREPRESENTATION CLAIM IS**

8   **         TIME-BARRED AS TO MR. MOZILO**

9         Mr. Mozilo faces a negligent misrepresentation claim in *Sealink*.  Because

10  *Sealink* was transferred to this Court from the Southern District of New York, New

11  York law applies.  *In re Nucorp*, 772 F.2d at 1491-92.  In New York, the statute of

12  limitations for negligent misrepresentation is three years from the date of the alleged

13  misstatement.  N.Y. C.P.L.R. 214(4); *Ambassador v. Euclid*, No. 80 Civ. 1235

14  (CBM), 1984 WL 341, at *4 n.7 (S.D.N.Y. May 24, 1984); *Country World v.*

15  *Imperial Frozen Foods Co.*, 589 N.Y.S.2d 81, 82 (N.Y. App. Div. 1992).

16        Here, the negligent misrepresentation claim against Mr. Mozilo is untimely.

17  Although Sealink has not actually alleged that Mr. Mozilo made any misstatements,

18  all of Sealink's MBS purchases were made more than three years before the

19  complaint was filed on September 29, 2011.  *See Sealink* Compl. ¶ 2 (alleging MBS

20  purchases took place between 2005 and 2007).  Because any statements on which

21  Sealink allegedly relied in making these purchases were necessarily made even

22  earlier, the negligent misrepresentation claim against Mr. Mozilo is time-barred.

23  **VIII.  THE STATE LAW CLAIMS AGAINST MR. MOZILO IN *AMERICAN***

24  **         *FIDELITY* AND *WESTERN & SOUTHERN* FAIL FOR LACK OF**

25  **         PERSONAL JURISDICTION**

26        *American Fidelity* and *Western & Southern* were originally brought in

27  Oklahoma and Ohio, respectively.  They were then transferred to this Court as part

28  of the MDL for pre-trial purposes only.  Consequently, if the transferor courts did

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 14 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

not have personal jurisdiction over Mr. Mozilo, the cases must be dismissed. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005) ("In MDL actions such as this one, the court is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have.") (citing *Maricopa County v. Am. Petrofina, Inc.*, 322 F. Supp. 467, 469 (N.D. Cal. 1971)). As set forth more fully below, Mr. Mozilo had no contact with Oklahoma or Ohio at all, much less the contact required by the long-arm statutes and the United States Constitution.

Mr. Mozilo recognizes that the federal securities law claims have nationwide service of process provisions. However, because those claims are untimely as a matter of law (*see supra* Part III), they cannot form the basis for personal jurisdiction. *See Malone v. Nuber*, No. C07-2046RSL, 2009 WL 481285, at *1 (W.D. Wash. Feb. 23, 2009) ("[O]nce the federal claims were dismissed, they can no longer provide a basis for asserting pendent personal jurisdiction over defendants for the state law claims."); *Morley v. Cohen*, 610 F. Supp. 798, 823 (D. Md. 1985) (same).[11] Consequently, the state law claims against Mr. Mozilo in *American Fidelity* and *Western & Southern* fail for lack of personal jurisdiction.

A.   Plaintiffs Bear the Burden of Establishing Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Harris Rutsky & Co. Ins.*

---

[11] *See also D'Addario v. Geller*, 264 F. Supp. 2d 367, 387-88 (E.D. Va. 2003) (where personal jurisdiction is based on a federal statutory nationwide service provision, "if the court were to later determine that the federal claim(s) should be dismissed against a defendant, the state claims against that defendant would also have to be dismissed, unless another basis for asserting personal jurisdiction exists"); *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F. Supp. 761, 762 (W.D. Ky. 1997) ("Since all antitrust claims against Speedvision and Continental have been dismissed, this Court no longer has personal jurisdiction over the parties pursuant to the nationwide service of process provision set forth in 15 U.S.C. § 22."); *Bill Rea Ins. Assoc., Inc. v. Nat'l Fin. Servs. Corp.*, 860 F. Supp. 1181, 1184 (W.D. Tex. 1994) ("Plaintiffs dropped their cause of action against National under the Federal Securities Act. Thus, the nationwide service of process provisions of the Securities Act were no longer applicable and traditional concepts of personal jurisdiction over the remaining state law claims were brought into play.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 15 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

*Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).  Moreover, the Court need not assume the truth of allegations in a pleading that are contradicted by sworn affidavit.  *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).  In addition, the plaintiff must establish both that the forum state's long-arm statute authorizes jurisdiction *and* that the exercise of jurisdiction accords with constitutional principles of due process.  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).  Western & Southern and American Fidelity have not alleged, nor can they establish, either with respect to Mr. Mozilo.

B.   The Long-Arm Statutes Do Not Authorize Jurisdiction

Oklahoma's long-arm statute is coextensive with Constitutional due process. *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).  As demonstrated in the following section, American Fidelity's complaint fails to satisfy Constitutional due process, and thus by definition, it fails to satisfy Oklahoma's long-arm statute.

Ohio's long-arm statute specifically enumerates the circumstances in which personal jurisdiction attaches.[12]  Western & Southern alleges none of these statutory bases for jurisdiction in Ohio.  For instance, Western & Southern does not and cannot allege that Mr. Mozilo transacted any business in Ohio, contracted to supply

---

[12] Ohio's long-arm statute authorizes jurisdiction under the following expressly enumerated circumstances:  "(1) Transacting any business in this state; (2) Contracting to supply services or goods in this state; (3) Causing tortious injury by an act or omission in this state; (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state; (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity; (8) Having an interest in, using, or possessing real property in this state; or (9) Contracting to insure any person, property, or risk located within this state at the time of contracting."  Ohio Rev. Code § 2307.382.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

1  goods in Ohio, owns any property in Ohio, or insured anyone in Ohio.  Nor does

2  Western & Southern allege that Mr. Mozilo acted with the specific purpose of

3  injuring Plaintiffs in Ohio, engaged in any persistent course of conduct directed at

4  Ohio, or personally derived substantial revenue from goods used or services

5  rendered in Ohio.  Indeed, Western & Southern alleges no contact by Mr. Mozilo

6  with Ohio at all, because there was none.  Mr. Mozilo is a resident of California.  He

7  does not own property in Ohio.  He does not pay taxes in Ohio and has not even

8  visited the state since 2002.  Mozilo Decl. ¶¶ 2-3.  He did not engage personally in

9  any business, hold a business license, or maintain an office in Ohio.  *Id.* ¶¶ 4-5, 7.

10 Under these circumstances, the *Western & Southern* amended complaint fails the

11 personal jurisdiction test of Ohio's long-arm statute.  *Hoover Co. v. Robeson Indus.*

12 *Corp.*, 904 F. Supp. 671, 674 (N.D. Ohio 1995) ("The nonresident defendant must

13 do some act or consummate some transaction within the forum.").[13]

14       Indeed, the only actions Mr. Mozilo is alleged to have taken were in his

15 capacity as an officer of CFC.  *See Am. Fidelity* Am. Compl. ¶ 27 (actions by

16 officers were committed "while those individuals were acting within the actual or

17 implied scope of their authority"); *Western & Southern* Am. Compl. ¶ 44 (same).

18 These actions are barred by the "fiduciary shield" doctrine from serving as a basis

19

20 ───────────────

   [13] Western & Southern asserts a new "conspiracy" claim against Mr. Mozilo
   under the Ohio Corrupt Activities Act, which was not asserted in Western &
21 Southern's previous complaint.  Although the Ohio Corrupt Activities Act contains
   a provision relating to personal jurisdiction, Ohio Rev. Code § 2923.34(K), a state
22 statute cannot extend personal jurisdiction beyond the reach of the United States
   Constitution.  *See, e.g., MFS Series Trust III ex rel. MFS Mun. High Income Fund v.*
23 *Grainger*, 96 P.3d 927, 933 (Utah 2004) ("Permitting allegations of liability under
   Utah's securities laws to automatically give rise to personal jurisdiction, without
24 first considering whether each defendant 'purposefully availed' himself of the
   benefits and protections of Utah's laws, would be to ignore the due process
25 requirements of the fourteenth amendment.") (citing *Int'l Shoe v. Washington*, 326
   U.S. 310, 316 (1945)); *see also Irizarry v. East Longitude Trading Co., Ltd.*, 296 F.
26 Supp. 2d 862, 866-67 (N.D. Ohio 2003) (no personal jurisdiction under Constitution
   despite meeting Ohio's long-arm statute); *Costaras v. NBC Universal, Inc.*, 409 F.
27 Supp. 2d 897, 905 (N.D. Ohio 2005) (same).  As demonstrated in the following
   section, Constitutional due process precludes Western & Southern's complaint
28 against Mr. Mozilo, including the new Ohio Corrupt Activities Act claim.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2535258                                    - 17 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  for personal jurisdiction.  Under both Ohio and Oklahoma law, the fiduciary shield

2  doctrine bars jurisdiction over corporate officers based solely on acts carried out in

3  their normal corporate capacities.  *See Franklin Prod., Inc. v. Gen. Nutrition Corp.*,

4  No. 2:05-cv-1061, 2007 WL 2462665, at *3 (S.D. Ohio Aug. 27, 2007) ("The

5  fiduciary shield doctrine generally prevents the exercise of personal jurisdiction over

6  a corporate officer whenever an out-of-state officer's contacts with the forum state

7  occur by virtue of his or her acts as a fiduciary."); *Hnath v. Hereford*, 757 F. Supp.

8  2d 1130, 1136 (N.D. Okla. 2010) ("Under the fiduciary shield doctrine, exercise of

9  personal jurisdiction over an individual may not be based solely on acts the

10  individual performed in a purely representative capacity.").

11       C.     <u>Constitutional Due Process Does Not Authorize Jurisdiction</u>

12       In determining whether the requirements of federal due process are met, the

13  Court should apply its own circuit's law.  *In re Dynamic*, 2005 WL 2988715, at *2.

14  For a court to exercise personal jurisdiction over a nonresident defendant consistent

15  with due process, that defendant must have "certain minimum contacts" with the

16  relevant forum "such that the maintenance of the suit does not offend 'traditional

17  notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S.

18  310, 316 (1945); *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).

19       Jurisdiction over a nonresident defendant may be "general" or "specific."

20  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

21  General personal jurisdiction exists where the defendant's contacts with the forum

22  state are substantial, "continuous and systematic," irrespective of whether the

23  transaction at issue in the case arose from contacts with the forum state.  *Id.* at

24  416 & n.9.  Specific personal jurisdiction may be asserted only where the claim

25  itself – here, alleged fraud in the sale of MBS – arises from the defendant's contacts

26  with the forum state.  *Id.*

27       As to Mr. Mozilo, jurisdiction in *American Fidelity* and *Western & Southern*

28  fails under both tests.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 18 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1          1.    <u>Mr. Mozilo's Contacts Must Be Analyzed Separately from</u>

2                <u>Countrywide Financial Corporation's Contacts</u>

3       Due process requires that "[e]ach defendant's contacts with the forum State

4 must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770,

5 781 n.13 (1984); *see also Brown v. Gen. Steel Domestic Sales, LLC*, No. 08-cv-

6 00779 MMM (SHX), 2008 WL 2128057, at *10 (C.D. Cal. May 19, 2008) ("The

7 fact that a corporation is subject to jurisdiction in the forum state, however, does not

8 necessarily confer jurisdiction over its individual officers.  Instead, the court must

9 examine the individual's contacts with the forum to determine if they are sufficient

10 to warrant the exercise of jurisdiction over him in connection with forum-related

11 claims.").  This means that Mr. Mozilo's former status as the CEO of CFC is

12 insufficient to subject him to this Court's jurisdiction.  As the Supreme Court has

13 emphasized, "jurisdiction over an employee does not automatically follow from

14 jurisdiction over the corporation which employs him; nor does jurisdiction over a

15 parent corporation automatically establish jurisdiction over a wholly owned

16 subsidiary." *Keeton*, 465 U.S. at 781 n.13.

17       Consequently, CFC's contacts with Ohio and Oklahoma (assuming that the

18 corporation had sufficient contacts) cannot be imputed to Mr. Mozilo.  Only

19 Mr. Mozilo's own, personal actions can subject him to personal jurisdiction in

20 Oklahoma or Ohio.  As demonstrated herein, Mr. Mozilo had no contact at all with

21 Oklahoma or Ohio, much less the heightened contact required by due process for

22 personal jurisdiction to attach.

23          2.    <u>Mr. Mozilo Is Not Subject to General Jurisdiction</u>

24       General jurisdiction cannot be asserted here because Mr. Mozilo did not have

25 substantial, "continuous and systematic" contacts with Oklahoma or Ohio.

26 *Helicopteros,* 466 U.S. at 416 & n.9.  The complaints allege no relationship between

27 Mr. Mozilo and Oklahoma or Ohio at all; nor could they.  Mr. Mozilo is a California

28 resident.  Mozilo Decl. ¶ 2.  He owns no property in Oklahoma or Ohio.  *Id.* ¶ 3.  He

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 19 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1  does not maintain any ongoing contact with Oklahoma or Ohio and did not

2  personally conduct business in Oklahoma or Ohio during the relevant time period.

3  *Id.* ¶ 4. In fact, Mr. Mozilo did not enter either Oklahoma or Ohio at all during the

4  time period in which the MBS at issue were securitized and sold. *Id.* ¶ 5. In short,

5  Mr. Mozilo had no contact with the forum states at all, let alone the substantial,

6  "continuous and systematic" contacts necessary for general jurisdiction to apply.

7  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

8               3.    Mr. Mozilo Is Not Subject to Specific Jurisdiction

9        The Ninth Circuit has adopted a three-part test to determine whether specific

10  jurisdiction exists over a defendant: (1) the non-resident defendant must

11  purposefully direct his activities or consummate some transaction with the forum or

12  resident thereof; or perform some act by which he purposefully avails himself of the

13  privilege of conducting activities in the forum, thereby invoking the benefits and

14  protections of its laws; (2) the claim must be one which arises out of or relates to the

15  defendant's forum-related activities; and (3) the exercise of jurisdiction must

16  comport with fair play and substantial justice, *i.e.* it must be reasonable.

17  *Schwarzenegger*, 374 F.3d at 802. Plaintiffs fail to meet every prong of this test.

18               a.    *No Purposeful Availment/Direction*

19        Purposeful availment and purposeful direction are distinct concepts, with

20  purposeful availment used in "suits sounding in contract" and purposeful direction

21  used in "suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802. Plaintiffs'

22  claims sound in tort, and Plaintiffs cannot show that Mr. Mozilo purposefully

23  directed actions at either Ohio or Oklahoma.[14]

---

[14] Plaintiffs cannot satisfy the purposeful availment test either. They allege no action by Mr. Mozilo that took place within Oklahoma or Ohio; therefore they have not alleged that he purposefully availed himself of the privileges of conducting activities there. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (where "[a]ll of [the defendant's] action identified by [the plaintiff] is action taking place outside the forum," there is no purposeful availment). The *American Fidelity* plaintiffs make the boilerplate allegation that the defendants "transact business" in this district. *Am. Fidelity* Am. Compl. ¶ 30. Not only does this allegation impermissibly lump Mr. Mozilo with the other defendants, but it is clearly

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 20 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1    Purposeful direction requires: (1) the defendant committed an intentional act;

2   (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is

3   likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 805 (citation

4   omitted). To find that the defendant "expressly aimed" his conduct at the forum

5   state, a plaintiff must allege that the defendant did "something more than commit a

6   foreign act with foreseeable effects in the forum state" – for instance by showing

7   "individualized targeting" of residents in the forum state. *Pebble Beach*, 453 F.3d at

8   1157 (internal quotations and citation omitted); *Alsop v. Carolina Custom Products,*

9   *Inc.*, No. EDCV 07-212-VAP, 2007 WL 2441025, at *7 (C.D. Cal. Jun. 29, 2007)

10  ("[D]efendant must 'individually target' the forum state rather than just commit an

11  act that has foreseeable effects in the forum state."). This standard is a high

12  standard, and generalized incantations of directing corporate activity will not

13  suffice. *Ind. Plumbing Supply, Inc. v. Sd. of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D.

14  Cal. 1995) (corporate officer's authorization of infringing advertisements published

15  in forum state was insufficient to establish special personal jurisdiction). Here,

16  Plaintiffs have come nowhere close to meeting their burden of showing that

17  Mr. Mozilo individually targeted Ohio or Oklahoma in any way.

18    In *American Fidelity*, Plaintiffs make the boilerplate allegation that

19  "Defendants are also subject to personal jurisdiction in in this district." *Am. Fidelity*

20  Am. Compl. ¶ 30. However, Plaintiffs do not allege even one specific action by

21  Mr. Mozilo expressly aimed at Oklahoma, and boilerplate allegations are not

22  sufficient in light of Mr. Mozilo's declaration denying contacts with Oklahoma. *See*

23  *Data Disc*, 557 F.2d at 1284 (conclusory personal jurisdiction allegations fail

24  against declaration). In *Western & Southern*, Plaintiffs make no specific allegations

25

26  —————————————

contradicted by Mr. Mozilo's declaration. *See* Mozilo Decl. ¶¶ 4-5; *Keeton*, 465

27  U.S. at 781 n.13 (group personal jurisdiction allegations are improper); *Data Disc,*, 557 F.2d at 1284 (conclusory personal jurisdiction allegations fail against

28  declaration).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 21 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1   regarding the basis for personal jurisdiction over Mr. Mozilo, aside from the

2   nationwide service of process under federal securities law.

3        Neither set of Plaintiffs allege any facts showing that Mr. Mozilo took any

4   part in the core allegation of fraud here – *fraud in the sale of MBS*. Mr. Mozilo was

5   the CEO of a parent company which, with its subsidiaries, employed over 50,000

6   people. Mozilo Decl. ¶ 8. He was not an officer or director of any of the

7   subsidiaries that sold or securitized the MBS at issue in this case. *Id.* ¶ 9.

8   Moreover, there is no allegation that Mr. Mozilo even read the MBS offering

9   documents, much less that he knew they were false and disseminated them to Ohio

10  or Oklahoma intending to harm residents there. *Cf. Allstate*, 2011 WL 5067128, at

11  *20-21 (differentiating allegations regarding underwriting from allegations

12  regarding the allegedly fraudulent sale of MBS).

13       Plaintiffs cannot overcome these deficiencies by arguing that allegations that

14  Mr. Mozilo "controlled" the operations of CFC and its subsidiaries are sufficient to

15  establish personal jurisdiction. *See, e.g., Am. Fidelity* Am. Compl. ¶¶ 286-99;

16  *Western & Southern* Am. Compl. ¶¶ 305-17. "Control" allegations are not sufficient

17  to show that Mr. Mozilo personally directed activities towards Oklahoma or Ohio.

18  *See Toyz, Inc. v. Wireless Toyz, Inc.*, No. C 09-05091 JF (HRL), 2010 WL 334475,

19  at *7 (N.D. Cal. Jan. 25, 2010) ("Because plaintiffs do not allege an alter ego theory,

20  the Court must determine if the Individual Defendants played a primary role in the

21  alleged wrongdoing intentionally directed at Plaintiffs in [the forum]."). In *Toyz*,

22  the court held that the vague, blanket allegation of the individual defendants'

23  supposed control "does not establish purposeful direction." *Id.* at *8.

24       Indeed, courts throughout the United States repeatedly have refused to find

25  personal jurisdiction over former officers of Countrywide entities based upon naked

26  assertions (just like the assertions of Plaintiffs here) that those officers controlled

27  Countrywide – uniformly finding that such allegations fail to meet due process

28  requirements. *Office of the Att'y Gen. v. Mozilo*, No. 08-30105 (19) (Fl. Cir. Ct.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 22 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

June 6, 2011) (order granting motion to dismiss), RJN ¶ 3, Ex. 3 (dismissing for lack of personal jurisdiction a Florida Attorney General action against Mr. Mozilo based on allegedly improper lending by Countrywide); *People v. Countrywide Fin. Corp.*, No. 08CH22994 (Ill. Cir. Ct. Jun. 24, 2010) (order granting motion to dismiss), RJN ¶ 4, Ex. 4 (dismissing for lack of personal jurisdiction an Illinois Attorney General action against Mr. Mozilo based on allegedly improper lending by Countrywide); *New Mexico State Inv. Council v. Countrywide Fin. Corp.*, No. D-0101-CV-2008-02289 (N.M. Dist. Ct. Apr. 14, 2009) (order granting motions to dismiss), RJN ¶ 5, Ex. 5 (dismissing for lack of personal jurisdiction a fraud claim brought by a purchaser of MBS against several former officers of Countrywide entities).[15]  For personal jurisdiction to be properly asserted over Mr. Mozilo, he must have had *personal* contact with Oklahoma and Ohio, which he did not.

*New Mexico* is particularly instructive.  In *New Mexico*, like this case, the plaintiffs sued several Countrywide entities and their former officers, alleging that they made false and misleading statements relating to the sale of MBS.  Plaintiffs argued that the *New Mexico* court could assert personal jurisdiction over the individual defendants because the MBS sales activities were directed nationwide and because those individual defendants (not including Mr. Mozilo) signed the MBS offering documents at issue in that case.  The court flatly rejected the argument, holding that the minimum contacts test and Constitutional due process require more.  *Id.*; *New Mexico* Hr'g Tr., Mar. 6, 2009 (incorporated into Court's Apr. 14, 2009 Order), RJN ¶ 6, Ex. 6 at 278-280.

The case for dismissal is even stronger here because, unlike the individual defendants dismissed in *New Mexico*, Mr. Mozilo did not even sign the offering documents at issue, nor was he an officer, director, or employee of any of the companies that sold the MBS.

---

[15] The Illinois Attorney General did not appeal the dismissal, and the Florida decision is currently on appeal.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 23 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

### b.    *Claims Do Not Arise From Contact*

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's claim arises out of a defendant's forum-related contacts. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Under this test, Plaintiffs must demonstrate that "but for" Mr. Mozilo's contacts with the forum states, Plaintiffs' claims would not have arisen. *Id.* Plaintiffs cannot meet this test. They have not alleged any contact by Mr. Mozilo with the forum states but for which they would not have been injured. Indeed, they have not alleged any contact at all. *See In re Dynamic*, 2005 WL 2988715, at *9 (if there are no minimum contacts at all, then by definition the "arising out of" requirement is not met). Moreover, Plaintiffs' claims arise from the sale of MBS. Because Mr. Mozilo had no involvement in the sale of MBS to Plaintiffs (*see* Mozilo Decl. ¶ 9), Plaintiffs cannot show that their claims arise from his contacts.

### c.    *Exercise of Jurisdiction Not Reasonable*

Because Plaintiffs cannot satisfy either of the first two requirements for personal jurisdiction, the Court need not even reach this requirement. However, an independent reason to dismiss the remaining state law claims for lack of personal jurisdiction is that jurisdiction is not reasonable as to Mr. Mozilo. Personal jurisdiction is appropriate only where summoning a defendant "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (citations omitted). Haling Mr. Mozilo into an Oklahoma or Ohio court over MBS sales he had nothing to do with fails this common sense test. The reasonableness determination requires consideration of a number of factors: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258

- 24 -

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

1   and (7) the existence of an alternative forum.  *Glencore Grain*, 284 F.3d at 1125.

2   Here, the factors weigh heavily in Mr. Mozilo's favor.  Mr. Mozilo had no contact at

3   all with Plaintiffs or their states.  He had nothing to do with the sale of MBS to

4   Plaintiffs.  Consequently, no legitimate interest would be served in forcing

5   Mr. Mozilo to defend himself in a trial in Ohio or Oklahoma.

6   **IX.    CONCLUSION**

7        For the aforementioned reasons, Mr. Mozilo respectfully requests that the

8   Court dismiss the Complaints against him with prejudice.[16]

9

10  Dated:  December 7, 2011                    Respectfully submitted,

11                                              IRELL & MANELLA LLP

12

13                                              By: *David Siegel* 1886

14                                              David Siegel
                                                Attorneys for Defendant
15                                              Angelo Mozilo

16

17

18

19

20

21

22

23

24

25        [16] The only claims against Mr. Mozilo not addressed herein are Claim No. 3

26  in *Sealink* for aiding and abetting fraud and Claim No. 6 in *National Integrity* for
    violation of the Ohio Corrupt Activities Act.  Those claims should be dismissed with

27  prejudice for the reasons set forth in the Countrywide Defendants Memorandum,
    which Mr. Mozilo joins in and incorporates by reference.  *See* Countrywide Defs'

28  Mem. Parts V.A & VIII.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535258                              - 25 -                    DEFENDANT ANGELO MOZILO'S MEMO ISO
                                                              MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
                                                              MDL No. 11-ML-02265-MRP (MANx)

Appendix A:
## Statutes of Limitations for Claims Against Mr. Mozilo

*American Fidelity Assurance Co. v. Countrywide Financial Corp.,*
**No. 11-cv-07167 MRP (MANx) (C.D. Cal. Apr. 11, 2011)**

| Claim | Limitations Period | Trigger of Limitations Period |
|---|---|---|
| Section 15 of the Securities Act of 1933 | One year.  15 U.S.C. § 77m. | Discovery of the alleged misstatement "or after such discovery should have been made by the exercise of reasonable diligence."  15 U.S.C. § 77m. |
| Aiding and Abetting Fraud | Two years.  Okla. Stat. tit. 12, § 95(A)(3).[1] | Discovery of the alleged fraud or, when in the exercise of reasonable diligence, it could have been discovered. *Gallaher v. Salem*, 2009 WL 2591669, at *6 (W.D. Okla. Aug. 20, 2009). |

---

[1] Although Oklahoma does not recognize a cause of action for aiding and abetting fraud, fraud-based claims are subject to a two-year limitations period.

- 26 -

Appendix A:
Statutes of Limitations for Claims Against Mr. Mozilo

### *National Integrity Life Insurance Co. v. Countrywide Financial Corp.*, No. 11-cv-09889 MRP (MANx) (C.D. Cal. Nov. 9, 2011)

| Claim | Limitations Period | Trigger of Limitations Period |
|---|---|---|
| Section 20(a) of the Securities Exchange Act of 1934 | Two years.  28 U.S.C. § 1658(b)(1). | When the plaintiff discovers or reasonably could have discovered the facts constituting the violation. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010). |
| Ohio Securities Act | Two years.  Ohio Rev. Code § 1707.43(B). | When the plaintiff "knew, or had reason to know" of the facts underlying its claims. Ohio Rev. Code § 1707.43(B). |
| Civil Conspiracy | Two years (based on the statute of limitations for the underlying federal, state, and common-law securities fraud claims). *Ford Motor Credit Co. v. Jones*, 2009 WL 1912626, at *4 (Ohio Ct. App. July 2, 2009). | When the plaintiff discovers or reasonably could have discovered the facts constituting the violation. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010). When the plaintiff "knew, or had reason to know" of the facts underlying its claims. Ohio Rev. Code § 1707.43(B). |

Appendix A:

Statutes of Limitations for Claims Against Mr. Mozilo

***Putnam Bank v. Countrywide Financial Corp.,***
**No. 11-cv-04698 MRP (MANx) (C.D. Cal. Jan. 27, 2011)**

| Claim | Limitations Period | Trigger of Limitations Period |
|---|---|---|
| Section 20(a) of the Securities Exchange Act of 1934 | Two years. 28 U.S.C. § 1658(b)(1). | When the plaintiff discovers or reasonably could have discovered the facts constituting the violation. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010). |
| Connecticut Uniform Securities Act | Two years. Conn. Gen. Stat. § 36b-29(f). | When the plaintiff discovers or should have discovered the alleged misrepresentation in the exercise of reasonable diligence. Conn. Gen. Stat. § 36b-29(f). |

Appendix A:

Statutes of Limitations for Claims Against Mr. Mozilo

***Sealink Funding Ltd. v. Countrywide Financial Corp.,***
**No. 11-cv-08898 MRP (MANx) (C.D. Cal. Sept. 29, 2011)**

| Claim | Limitations Period | Trigger of Limitations Period |
|---|---|---|
| Negligent Misrepresentation | Three years.  N.Y. C.P.L.R. 214(4). | Date of the alleged misstatement. *Ambassador v. Euclid,* 1984 WL 341, at *4 n.7 (S.D.N.Y. May 24, 1984). |
| Aiding and Abetting Fraud[2] | Three years.  BGB § 195. | The end of the year in which the claim accrues, which is when plaintiff (i) gained knowledge of the circumstances and party giving rise to the claim; or (ii) would have acquired such knowledge but for its own gross negligence.  BGB § 199. |

---

[2] The aiding and abetting fraud claim against Mr. Mozilo in *Sealink* is time-barred for the reasons set forth in the Countrywide Defendants Memorandum, which Mr. Mozilo joins in and incorporates by reference. *See* Countrywide Defs' Mem. ISO Mot. to Dismiss Part VIII.B.

Appendix A:
Statutes of Limitations for Claims Against Mr. Mozilo

### *Western and Southern Life Insurance Co. v. Countrywide Financial Corp.*, No. 11-cv-07166 MRP (MANx) (C.D. Cal. April 27, 2011)

| Claim | Limitations Period | Trigger of Limitations Period |
|---|---|---|
| Section 20(a) of the Securities Exchange Act of 1934 | Two years.  28 U.S.C. § 1658(b)(1). | When the plaintiff discovers or reasonably could have discovered the facts constituting the violation. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010). |
| Ohio Securities Act | Two years.  Ohio Rev. Code § 1707.43(B). | When the plaintiff "knew, or had reason to know" of the facts underlying its claims. Ohio Rev. Code § 1707.43(B). |
| Civil Conspiracy | Two years (based on the statute of limitations for the underlying federal, state, and common-law securities fraud claims). *Ford Motor Credit Co. v. Jones*, 2009 WL 1912626, at *4 (Ohio Ct. App. July 2, 2009). | When the plaintiff discovers or reasonably could have discovered the facts constituting the violation. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796 (2010).<br><br>When the plaintiff "knew, or had reason to know" of the facts underlying its claims. Ohio Rev. Code § 1707.43(B). |

Appendix B:
Allegations that Countrywide Abandoned Underwriting Guidelines

| Case | Examples of Abandoned Underwriting Allegations |
|------|-----------------------------------------------|
| **American Fidelity** | Countrywide "systematically [] ignore[d] the underwriting standards it touted."  Am. Compl. ¶ 2.<br><br>"In order to meet is volume and market share goals, Countrywide abandoned any semblance of underwriting standards."  Am. Compl. ¶ 49.<br><br>"As the evidence shows, Countrywide's abandonment of its underwriting guidelines was systemic."  Am. Compl. ¶ 94. |
| **National Integrity** | "Countrywide abandoned all semblance of underwriting guidelines, regularly originating or purchasing loans issued to borrowers regardless of ability to repay or collateral value."  Compl. ¶ 10.<br><br>Countrywide "disregard[ed] [ ] its own underwriting guidelines in favor of blindly approving nearly any kind of loan."  Compl. ¶ 65.<br><br>Countrywide "systematically abus[ed] the 'exceptions' process in order to further circumvent its purported underwriting standards."  Compl. ¶ 84. |
| **Putnam** | Countrywide failed to disclose that it "systematically disregard[ed] the mortgage loan underwriting guidelines that [were] stated in the Certificates' Offering Documents."  Compl. ¶ 5.<br><br>"[I]n order to meet its volume and market share goals, Countrywide's underwriting practices abandoned any semblance of the standards set forth in the Offering Documents."  Compl. ¶ 53.<br><br>"The systematic abandonment of any underwriting standards rendered . . . [the] representations [in the Offering Documents] false or misleading at the time they were made.  Countrywide systematically abandoned its underwriting standards to increase loan volumes without regard to loan quality."  Compl. ¶ 59. |

DEFENDANT ANGELO MOZILO'S MEMO ISO
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS
MDL No. 11-ML-02265-MRP (MANx)

2539747

Appendix B:
Allegations that Countrywide Abandoned Underwriting Guidelines

| Case | Examples of Abandoned Underwriting Allegations |
|------|-----------------------------------------------|
| *Sealink* | "Countrywide 'developed a systematic pattern and practice of abandoning its own guidelines for loan origination and underwriting . . . .'" Compl. ¶ 82.<br><br>"Attorneys General from various states have investigated Countrywide's lending practices and charged that Countrywide systematically departed from the underwriting standards it professed to use for originating residential loans, including those loans originated by Countrywide Home." Compl. ¶ 84. |
| *Western & Southern* | "Countrywide abandoned all semblance of underwriting guidelines, regularly originating or purchasing loans issued to borrowers regardless of ability to repay or collateral value." Am. Compl. ¶ 10.<br><br>Countrywide "disregard[ed] [ ] its own underwriting guidelines in favor of blindly approving nearly any kind of loan." Am. Compl. ¶ 65.<br><br>Countrywide "systematically abus[ed] the 'exceptions' process in order to further circumvent its purported underwriting standards." Am. Compl. ¶ 84. |