1

2   Brian E. Pastuszenski (*pro hac vice*)
*bpastuszenski@goodwinprocter.com*
3   Inez H. Friedman-Boyce (*pro hac vice*)
*ifriedmanboyce@goodwinprocter.com*
4   Brian C. Devine (State Bar No. 222240)
*bdevine@goodwinprocter.com*
5   Caroline H. Bullerjahn *(pro hac vice)*
*cbullerjahn@goodwinprocter.com*
6   **GOODWIN PROCTER LLP**
Exchange Place
7   Boston, MA 02109-2802
Telephone:  617-570-1000
8   Facsimile:  617-570-1231

9   Lloyd Winawer (State Bar No. 157823)
*lwinawer@goodwinprocter.com*
10   **GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
11   Los Angeles, CA 90017-5704
Telephone:  213-426-2500
12   Facsimile:  213-623-1673

13   *Attorneys for Defendants*
Countrywide Financial Corporation,
14   Countrywide Home Loans, Inc.,
CWALT, Inc., CWMBS, Inc., CWABS,
15   Inc., CWHEQ, Inc., Countrywide Capital
Markets, Countrywide Securities Corp.,
     and N. Joshua Adler

16                  **UNITED STATES DISTRICT COURT**

17                  **CENTRAL DISTRICT OF CALIFORNIA**

18

19   | In re COUNTRYWIDE FINANCIAL | Case No. 11-ML-02265-MRP (MANx) |
CORP. MORTGAGE-BACKED
20   SECURITIES LITIGATION       | **COUNTRYWIDE DEFENDANTS'** |
                                 | **NOTICE OF AND REQUEST FOR** |
21                               | **JUDICIAL NOTICE IN SUPPORT** |
                                 | **OF THE OMNIBUS REPLY BRIEF** |
22                               | **IN SUPPORT OF MOTIONS TO** |
                                 | **DISMISS** |
23

24                               Date/Time:  February 13, 2012
                                             11:00 a.m.
25                               Date/Time:  February 14, 2012
                                             1:00 p.m.
26                               Courtroom:  12
                                 Judge:      Hon. Mariana R. Pfaelzer
27

28

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

1  PUTNAM BANK, Individually and
2  on Behalf of All Others Similarly
   Situated,
3
                Plaintiff,
4          v.                                    Case No. 11-CV-04698-MRP (MANx)
5  COUNTRYWIDE FINANCIAL
   CORPORATION, *et al.*,
6              Defendants.
7
8  BANKERS INSURANCE
   COMPANY*, et al.,*
9
                Plaintiffs,
10         v.                                    Case No. 11-CV-07152-MRP (MANx)
11 COUNTRYWIDE FINANCIAL
   CORPORATION, *et al.*,
12
               Defendants.
13
14 STERLING FEDERAL BANK,
   F.S.B.,
15
                Plaintiff,
16         v.                                    Case No. 11-CV-07163-MRP (MANx)
17 COUNTRYWIDE FINANCIAL
18 CORPORATION, *et al.*,
19             Defendants.
20 WESTERN AND SOUTHERN LIFE
   INSURANCE COMPANY, *et al.*,
21
                Plaintiffs,
22         v.                                    Case No. 11-CV-07166-MRP (MANx)
23
24 COUNTRYWIDE FINANCIAL
   CORPORATION, *et al.*,
25             Defendants.
26
27
28

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

1

2
AMERICAN FIDELITY
ASSURANCE COMPANY

3
            Plaintiff,

4
      v.                                          Case No. 11-CV-07167-MRP (MANx)

5
COUNTRYWIDE FINANCIAL
CORPORATION, *et al.*,

6
            Defendants.

7

8
SEALINK FUNDING LIMITED,

9
            Plaintiff,                            Case No.  11-CV-08896-MRP (MANx)

10
      v.

11
COUNTRYWIDE FINANCIAL
CORPORATION, et al.,

12
                  Defendants.

13
NATIONAL INTEGRITY LIFE
INSURANCE COMPANY,

14

15
            Plaintiff,                            Case No.  11-CV-09889-MRP (MANx)

16
      v.

17
COUNTRYWIDE FINANCIAL
CORPORATION, et al.,

18
                  Defendants.

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., Countrywide Capital Markets, CWALT, Inc., CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., and N. Joshua Adler (collectively, the "Countrywide Defendants"), by and through their attorneys of record, hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the documents and facts listed below in connection with their Omnibus Reply Brief in Support of Motions to Dismiss the above-captioned actions:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 121 | Excerpts from Prospectus Supplement for CWALT 2007-17CB (dated June 28, 2007) |
| 122 | Excerpts from Prospectus Supplement for CWHEQ 2006-S9 (dated December 28, 2006) |
| 123 | Excerpt from Countrywide Financial Corp. Annual Report (Form 10-K) (dated March 1, 2007) |
| 124 | Charlotte A. Chamberlain, *No Customer Left Behind*, Jeffries & Co. (dated May 25, 2005) |
| 125 | Bloomberg News, *Buyers Wary of Lender's Bonds*, Los Angeles Times (dated October 17, 2006). |
| 126 | Robert Lacoursiere, *Market Disconnects from Fundamentals: Reiterating Sell Rating*, Banc of America Securities (dated October 27, 2006) |
| 127 | Dan Dorfman, *Liars' Loans Could Make Many Moan*, New York Sun (dated December 20, 2006) |
| 128 | Gretchen Morgenson, *Crisis Looms in Mortgages*, New York Times (dated March 11, 2007) |
| 129 | Carol Lloyd, *In Tough Real Estate Market, Appraisers Under Pressure*, |

**Goodwin Procter LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

**Goodwin Procter LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017

| | |
|---|---|
| | San Francisco Chronicle (dated March 18, 2007) |
| 130 | Andy LaPierre, *Mortgage Meltdown*, Wall Street Journal (dated March 21, 2007) |
| 131 | Associated Press, *Mortgage Mess Spreads to Alt-A Segment* (dated April 10, 2007) |
| 132 | Kenneth Harney, *Appraisal Inflation*, The Washington Post (dated April 21, 2007) |
| 133 | Al Yoon, *Subprime Lenders Made Record Exceptions*, Reuters News (dated April 30, 2007) |
| 134 | David Cho, *Pressure at Mortgage Firm Led to Mass Approval of Bad Loans*, The Washington Post (dated May 7, 2007) |
| 135 | Vikas Bijaj, *Rate Agencies Move Toward Downgrading Some Mortgage Bonds*, The New York Times (dated July 11, 2007) |
| 136 | *Bleak houses: America's riskiest mortgages are set to pop. Where will the shrapnel land?*, The Economist (dated February 17, 2007) |
| 137 | Karen Richardson & Gregory Zuckerman, *Subprime Game's Reckoning Day – Risky Lending Fallout Threatens to Spread; Uncertain ARM Strength*, The Wall Street Journal (dated February 27, 2007) |
| 138 | Annette Haddad, *Even Best Borrowers are Falling Behind, Lender Says; Countrywide's Profit and Stock Price Fall as More 'Prime' Mortgage Holders Miss Payments*, Los Angeles Times (dated July 25, 2007) |
| 139 | Vikas Bijaj, *US mortgage woes spread deeper; German bank's securities freefall rattles markets in Europe*, International Herald Tribune (dated August 1, 2007) |
| 140 | *Distressed Debt Relief*, The Financial Times (dated September 5, 2007) |
| 141 | Andrew Clark, *Countrywide Upbeat Despite $1bn Sub-Prime Hit*, The Guardian (dated October 26, 2007) |
| 142 | Gretchen Morgenson, *Additional Scrutiny for Countrywide Financial*, International Herald Tribune (dated December 14, 2007) |
| 143 | Excerpts from Hearing Transcript in *Allstate Ins. Co. v. Countrywide* |

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

**Goodwin Procter LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017

| | |
|---|---|
| | *Fin. Corp.*, No. 11-CV-5236 (C.D. Cal. September 21, 2011) |
| 144 | Complaint in *United Fin. Casualty Co. v. Countrywide Fin. Corp.*, No. 11-CV-4766 (C.D. Cal. June 3, 2011) |
| 145 | Order re: Motions to Dismiss the Complaint in *Children's Hosp. & Med. Ctr. Found. Of Omaha v. Countrywide Fin. Corp.*, No. 11-CV-02056 (C.D. Cal. August 22, 2011) |
| 146 | Order re: Defendants' Motions to Dismiss in *Centaur Classic Conv. Arbitrage Fund. Ltd. v. Countrywide Fin. Corp.*, No. 11-CV-05699 (C.D. Cal. January 20, 2011) |
| 147 | Ruling re: Defendants' Motion to Transfer in *Putnam Bank v. Countrywide Fin. Corp.*, No. 11-CV-00145 (D. Conn. May 16, 2011) |
| 148 | Excerpt of transcript from Countrywide Financial Corp. Analyst Forum (March 30, 2004) |
| 149 | Excerpt of transcript from Countrywide Financial Corp. Fixed Income Analyst Forum (February 28, 2006) |
| 150 | Excerpt of transcript from Countrywide Financial Corp. Financial Equity Investor Forum (March 30, 2006) |
| 151 | Excerpt of transcript from Countrywide Financial Corp. Fixed Income Investor Forum (September 13, 2006) |

This request is based on the attached Memorandum of Points and Authorities in support thereof, the papers, records, and pleadings on file herein, and upon any additional argument or evidence permitted at the hearing on the Countrywide Defendants' Motions to Dismiss.

Dated: February 3, 2012

**GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski_____
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)
Caroline H. Bullerjahn (*pro hac vice*)

*Counsel for the Countrywide Defendants*

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  As set forth below, the documents submitted in support of the Countrywide Defendants' Omnibus Reply Brief in Support of Motions to Dismiss ("Omnibus Reply Brief") are properly subject to judicial notice.

Exhibits 121-123 are various documents that were publicly filed with the Securities Exchange Commission ("SEC").[1]  It is well-settled that the Court may take judicial notice of SEC filings on a motion to dismiss.  *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) ("public filings with the SEC are properly the subject of judicial notice in a motion to dismiss"); *In re Computer Scis. Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (same); *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997) (courts "may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Moreover, plaintiffs in many of the actions cite heavily to Countrywide SEC filings in their respective Complaints.  *See, e.g.*, *AFAC* FAC, ¶¶ 72, 87, 290, 304; *W&S* FAC, ¶¶ 77-80, 184, 205-7, 243, 257; *NI* Compl. ¶¶ 77-80, 184, 205-7, 243, 257. Thus, the Court may properly take judicial notice of these exhibits for the additional reason that they are incorporated by reference in the underlying Complaints and are documents on which plaintiffs necessarily rely in bringing their claims.  *See In re*

---

[1] In the interests of efficiency, the Countrywide Defendants have submitted excerpts from these documents.  Of course, the Countrywide Defendants will submit the documents in their entirety at the Court's request.

4

*Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded on other grounds by statute* (courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) ("The rule applies to documents that form the basis of a plaintiff's case or documents that are quoted extensively on the theory that such documents are not truly 'outside' the complaint.").

Exhibits 124-142 are certain publicly available newspaper articles and reports that discuss the global economic crisis and the U.S. housing market collapse that began in 2007.  Judicial notice of these articles is appropriate because they are publicly available and their contents are not subject to reasonable dispute.  *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (holding that judicial notice may be taken of newspaper articles at the motion to dismiss stage in order to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true") (internal citation omitted); *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (taking judicial notice of "newspaper articles . . . . to indicate what was in the public realm at the time"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (taking judicial notice of newspaper articles); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157-60 (C.D. Cal. 2007) (taking judicial notice of various transcripts, press releases, SEC filings, Canadian securities filings, and newspaper articles, because they were either referenced and relied on in the complaint, or, as public records, were of "undisputed authenticity"). [2]

---

[2] For the same reasons, the Court may properly consider Tab 3 of the Countrywide Defendants' Appendix of Tables in Support of Their Omnibus Reply Brief in Support of Motions to Dismiss ("Appendix"), which is concurrently filed herewith.  It contains a table that consists of excerpts from these publicly available newspaper articles and the investor forums, which are subject to judicial notice as set forth herein.

Goodwin Procter LLP
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

**Goodwin Procter LLP**
**601 S. Figueroa St., 41st Floor**
**Los Angeles, California 90017**

1    Exhibits 144-146 are pleadings and orders that were filed with this Court in

2   three other actions involving similar allegations against Countrywide: *United Fin.*

3   *Casualty Co. v. Countrywide Fin. Corp.*, No. 11-CV-4766 (C.D. Cal.); *Children's*

4   *Hosp. & Med. Ctr. Found. Of Omaha v. Countrywide Fin. Corp.*, No. 11-CV-02056

5   (C.D. Cal.), and *Centaur Classic Conv. Arbitrage Fund. Ltd. v. Countrywide Fin.*

6   *Corp.*, No. 11-CV-05699 (C.D. Cal.).  Similarly, Exhibit 147 is the order from the

7   District of Connecticut transferring one of the actions, *Putnam Bank v. Countrywide*

8   *Fin. Corp.*, to this Court.  Clearly, this Court may take judicial notice of pleadings and

9   papers filed with it in related actions, as well as orders and decisions made by it and

10   other courts.  *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136

11   F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in

12   related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)

13   (same); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995)

14   ("[j]udicial notice is properly taken of orders and decisions made by other courts or

15   administrative agencies"); *Kuan v. United States Customs Serv.*, 2009 U.S. Dist.

16   LEXIS 126574, at *4 n.3 (C.D. Cal. 2009) ("The Court may take judicial notice of

17   matters of public record, including court records in a related proceeding.").[3]  Judicial

18   notice is proper because these documents are publicly available and their contents are

19   not subject to reasonable dispute.  *See* FED. R. EVID. 201.

20    For this same reason, the Court may take judicial notice of Exhibit 143, an

21   excerpt from the transcript of a hearing held by this Court in a related action that is

22   also part of this multidistrict litigation, *Allstate Ins. Co. v. Countrywide Fin. Corp.*,

23   No. 11-CV-5236 (C.D. Cal.).  *See San Francisco Baykeeper v. West Bay Sanitary*

24   *Dist.*, 2011 WL 1990637, at *6 (N.D. Cal. May 23, 2011) (taking judicial notice of

25

26   [3] For the same reasons, the Court may properly consider Tabs 1- 2 of the Countrywide
27   Defendants' Appendix, which is concurrently filed herewith.  These tabs contain
     tables that consist of allegations excerpted from publicly filed complaints, which are
28   subject to judicial notice as set forth herein.

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

1   hearing transcript).

2        Exhibits 148-151 are transcripts from Countrywide's analyst and investor

3   forums.[4]  The plaintiffs in *Bankers Ins. Co. v. Countrywide Fin. Corp.* ("*Bankers*")

4   reference and quote from the September 13, 2006 investor forum—Exhibit 151—in

5   their complaint (*Bankers* Compl. ¶ 40).[5]  The contents of the September 13, 2006

6   investor forum are therefore incorporated by reference into the *Bankers* complaint and

7   may be considered by this court on a motion to dismiss.  *In re Taleo Corp. Sec. Litig.*,

8   2010 WL 597987, at *7 (N.D. Cal. Feb. 17, 2010) (taking judicial notice, on a motion

9   to dismiss, of excerpts of SEC filings, conference call transcripts, and press releases,

10  partly on the grounds that "[m]any of these documents are explicitly referred to in the"

11  complaint); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)

12  (documents incorporated by reference in complaint may be considered on motion to

13  dismiss).  Though the March 30, 2004, February 28, 2006, and March 30, 2006

14  conferences are not specifically referenced in the *Bankers* complaint, the Court may

15  still take judicial notice of them.  *See, e.g.*, *In re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp.

16  2d 1217, 1220 (N.D. Cal. 2009) ("Courts hearing securities fraud cases routinely take

17  judicial notice of documents with unquestioned authenticity that demonstrate the

18  information available to the market during the class period."); *Brodsky v. Yahoo! Inc.*,

19

20  [4] The analyst and investor forums were publicly disclosed pursuant to SEC Regulation
    Fair Disclosure ("FD").  *See* SEC Final Rule, 2000 WL 1197687, at *17 ("As a
21  general matter, acceptable methods of public disclosure for purposes of Regulation FD
    will include press releases distributed through a widely circulated news or wire
22  service, or announcements made through press conferences or *conference calls that
    interested members of the public may attend or listen to either in person, by
23  telephonic transmission, or by other electronic transmission (including use of the
    Internet)*") (emphasis added); 17 C.F.R. Part 243, 65 FR 51716-01, 2000 WL
24  1197687, at *3, *17 (SEC adopted a flexible definition of "public disclosure,"
    specifically contemplating disclosure to the public via webcasting over the internet).
25  The Court may properly take judicial notice of information that is "capable of accurate
    and ready determination by resort to a source whose accuracy cannot be reasonably
26  questioned."  *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2
    (C.D. Cal. 2007).
27  [5] Moreover, the *Bankers* plaintiffs reference several other Countrywide conference
    calls and investor forums that are not part of this Request for Judicial Notice.  *Bankers*
28  Compl. ¶¶ 59, 61, 62, 169

**Goodwin Procter LLP**
**601 S. Figueroa St., 41st Floor**
**Los Angeles, California 90017**

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY

630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) ("Defendants also seek judicial notice of . . . conference call transcripts.  The Court takes judicial notice of the fact that these [conference call] statements were made on the dates specified, but not of the truth of the matters asserted therein."); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (taking judicial notice of information that was publicly available at the time the defendant company made the allegedly false statements, including press releases and transcripts of conference calls).

## CONCLUSION

For all of the above reasons, the Countrywide Defendants respectfully request that the Court take judicial notice of Exhibits 121-151 and the Appendix filed in support of the Countrywide Defendants' Omnibus Reply Brief.

Dated:  February 3, 2012                           **GOODWIN PROCTER LLP**


/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)
Caroline H. Bullerjahn (*pro hac vice*)

*Counsel for the Countrywide Defendants*

**Goodwin Procter LLP**
**601 S. Figueroa St., 41st Floor**
**Los Angeles, California 90017**

NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS REPLY