# Exhibit 146

LINKS: 36, 37, 39, 41

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTAUR CLASSIC CONVERTIBLE ARBITRAGE FUND LTD.; ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND II L.P.; ARGENT LOWLEV CONVERTIBLE ARBITRAGE FUND II LLC; CENTAUR LOWLEV ARBITRAGE FUND LTD.; ARGENTUM MULTI-STRATEGY FUND LTD.; LYXOR ARGENT LOW LEVERAGE FUND LIMITED; HFR CA GLOBAL SELECT MASTER TRUST; ACUITY MASTER FUND, LTD.; CARLYLE MULTI-STRATEGY MASTER FUND LIQUIDATING TRUST; LYXOR ACUITY FUND LIMITED; POLYGON GLOBAL OPPORTUNITIES MASTER FUND; RHAPSODY FUND, L.P.; NUVEEN MULTI-STRATEGY INCOME AND GROWTH FUND; NUVEEN MULTI-STRATEGY INCOME AND GROWTH FUND 2; RADCLIFFE SPC; TEMPO MASTER FUND L.P.; CANYON CAPITAL ARBITRAGE MASTER FUND, LTD.; ADI CONVERT ABSOLU; ADI CONVEX; ADI CONVEX ABSOLU; CANYON VALUE REALIZATION FUND, L.P.; CANYON VALUE REALIZATION MAC 18, LTD.; GLG MARKET NEUTRAL FUND; LYXOR CANYON CAPITAL ARBITRAGE FUND LIMITED; MOHICAN VCA MASTER FUND, | Case No. 10-CV-05699 MRP (MANx)<br><br>ORDER RE: DEFENDANTS' MOTIONS TO DISMISS |

EXHIBIT 146    236

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

LTD.; THE CANYON VALUE REALIZATION FUND CAYMAN, LTD.; CAMULOS MASTER FUND L.P.; CASAM ADI CB ARBITRAGE LIMITED; CONCORDIA INSTITUTIONAL MULTI-STRATEGIES LTD.; CONCORDIA MAC 29, LTD.; CONCORDIA PARTNERS L.P.; DELTA INSTITUTIONAL, L.P.; DELTA OFFSHORE MASTER, LTD.; DELTA ONSHORE, L.P.; DELTA PLEIADES, L.P.; HFR CA LAZARD RATHMORE MASTER TRUST; KALLISTA CB ARBITRAGE FUND LIMITED; RCG PB, LTD.; RHP MASTER FUND, LTD.; RAMIUS CONVERTIBLE ARBITRAGE MASTER FUND LTD.; S.A.C. ARBITRAGE FUND, LLC; STARK MASTER FUND LTD.; STEELHEAD PATHFINDER MASTER, L.P.,

Plaintiffs,

v.

COUNTRYWIDE FINANCIAL CORPORATION; ANGELO R. MOZILO; DAVID SAMBOL; ERIC P. SIERACKI,

Defendants.

## I. INTRODUCTION & BACKGROUND

This securities action was brought by eight institutional affiliates of Argent Classic Convertible Arbitrage Fund (the "Argent Classic Fund"), the lead plaintiff in the now dismissed class action *Argent Classic Conv. Arb. Fund v. Countrywide Fin. Corp. et al.*, No. 07-cv-07097-MRP (MANx) ("*Argent*"), and 38 other institutional investors. After the Court's denial of class certification in *Argent*, the parties stipulated to a dismissal with prejudice of that case on May 4, 2010.[1] About three months later, on July 30, 2010, this lawsuit was filed. The 46 institutional plaintiffs here allege that they purchased unregistered, privately-placed Series A and Series B Floating Rate Convertible Senior Debentures Due 2037 (the "Debentures"), issued by Defendant Countrywide Financial Corporation ("Countrywide"), at unidentified times during the six months between the Debentures' initial offering on May 16, 2007 and November 21, 2007, which Plaintiffs define as the relevant period. Compl. (Docket No. 1) at 3:17-21.

Plaintiffs here assert the same six claims regarding the same Debentures that were asserted in *Argent*.[2] The claims are brought against Countrywide and its former senior executive officers and directors (herein referred to as the "Individual Defendants"[3]). Under the Securities Exchange Act of 1934 ("Exchange Act"), the first claim is for violation of §10(b) and Rule 10b-5 (Count I). The second claim is for violation of § 20(a) (Count II) and is brought against the Individual Defendants only. The remaining claims arise under California state law: violation of Sections 25400(d), 25500, and 25504.1 of the California Corporations Code (Counts III and IV) brought against Countrywide only; common law fraud and deceit (Count V); and common law negligent misrepresentation (Count VI). Plaintiffs claim any applicable statutes of limitation with respect to their claims were tolled no later than October 30, 2007, by the filing of the

---

[1] This Court denied class certification in *Argent* on December 9, 2009.
[2] The Court notes also that Plaintiffs have the same counsel as the plaintiff in *Argent*.
[3] Angelo R. Mozilo, David Sambol and Eric P. Sieracki.

EXHIBIT 146    238

1  class action complaint in *Argent*, pursuant to the doctrine announced in *American Pipe &
2  Construction Co. v. Utah*, 414 U.S. 538, 552 (1974). Compl. ¶ 704.
3      Countrywide has filed a motion to dismiss on the basis of the statutes of limitation
4  and failure to satisfy the heightened pleading requirements of Federal Rule of Civil
5  Procedure 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. §78j. The
6  Individual Defendants joined in the motion, and Defendant Sambol filed an additional
7  motion which addresses Plaintiffs' failure to adequately plead scienter with respect to
8  him. The Court notes that Countrywide's motion identifies a host of deficiencies in the
9  Complaint, but in the interests of efficiency, the Court singles out only a few as a basis of
10 this ruling.
11     The Court GRANTS Countrywide's motion to dismiss in its entirety. First, the
12 Court holds the state law claims are barred by their respective statutes of limitation and
13 DISMISSES them WITH PREJUDICE. Second, the Court DISMISSES the federal
14 securities claims WITHOUT PREJUDICE because the Complaint fails to specify the
15 material facts as to each Plaintiff's claim, including the dates and the amounts of
16 Plaintiffs' alleged securities purchases or the statements upon which Plaintiffs allegedly
17 relied in entering into these transactions. Third, there are no allegations as to sales or
18 dispositions of the securities as there must be to support any allegation of loss. Finally,
19 with respect to Defendant Sambol, because the Court grants Countrywide's motion to
20 dismiss, the Court DENIES AS MOOT Sambol's separate motion to dismiss without
21 prejudice to Sambol's renewing his motion after Plaintiffs have repleaded.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

24     A motion to dismiss tests whether the allegations in a complaint, if true, amount to
25 an actionable claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Federal
26 Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to
27 state a claim upon which relief can be granted. To survive a motion to dismiss, the
28 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

EXHIBIT 146    239

1 | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard
2 | requires the plaintiff to allege facts that add up to "more than a sheer possibility that a
3 | defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In
4 | deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's
5 | allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v.*
6 | *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not
7 | required to accept as true "allegations that are merely conclusory, unwarranted
8 | deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d
9 | 1049, 1055 (9th Cir. 2008).

## B. STATUTE OF LIMITATIONS

Defendants argue that Plaintiffs' state law claims must be dismissed because they are barred by their respective statutes of limitation. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir.1995)(quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See id.*

The Complaint asserts that the statutes of limitation on all of the claims are tolled by *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Compl. ¶ 704. Defendants concede that the doctrine of *American Pipe* applies to toll the federal claims but dispute its application to the state law claims. In their brief and at oral argument, Plaintiffs contend the state law claims are tolled also by California's equitable tolling doctrine and by this Court's exercise of supplemental jurisdiction in *Argent*, under 28 U.S.C. §1367(d). Plaintiffs do not argue that their claims are timely in the absence of tolling, and Defendants do not argue that the claims are untimely despite tolling. Thus, the timeliness of the state law claims depends entirely on whether the statutes of limitation were suspended during the pendency of *Argent*. They were not.

EXHIBIT 146    240

### a. Federal Claims Are Tolled Under the Doctrine of *American Pipe*.

There is no dispute that the federal claims in this action were tolled during the pendency of *Argent* under the doctrine of *American Pipe*. In *American Pipe*, the United States Supreme Court held that the commencement of a putative class action "tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the Court extended *American Pipe* to allow tolling not only where plaintiffs sought to intervene in a continuing action, but also where they sought to file an entirely new action. *Id.* at 353-54. The rule of *American Pipe* operates to toll the statute of limitations from the commencement of the putative class action until the court denies class certification. *Id.* It applies within the federal court system in federal question class actions only and protects a plaintiff who has relied on the filing of a prior class action to vindicate the right in question. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). Because the Plaintiffs were putative class members in *Argent* and pursue the same claims at issue there in this lawsuit, the rule of *American Pipe* applies to toll the statute of limitations on the federal claims for the period between October 30, 2007, when the *Argent* suit was filed, and December 9, 2009, when this Court denied class certification in that case.

### b. State Claims Are Barred By the Statutes of Limitation.

Federal courts addressing state law claims must apply state law statutes of limitation and state law applies to the question of tolling state claims. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745-46, 52-53 (1980); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533-34 (1949); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110-11 (1945); *Albano v. Shea Homes Ltd. P'ship*, --- F.3d ----, 2011 WL 6186, *5 (9th Cir. Jan. 3, 2011)("A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations."); *Carter v. Wash. Metro. Area Transp.*

EXHIBIT 146  241

6

1  *Auth.*, 764 F.2d 854, 855 (D.C. Cir. 1985)("Under the Erie doctrine, the relevant state law controls whether, in a statute-of-limitations case before a federal court on diversity jurisdiction, a pending case tolls the statute of limitations." (citation omitted)). Therefore, a federal court faced with the question of whether a state law claim is barred by its statute of limitations must apply the substantive law of the state and be governed by how the highest court of that state would resolve the limitations and tolling questions before it. *See, e.g., Albano*, 2011 WL 6186, *5.

### i. *American Pipe* Tolling Does Not Apply.

The rule of *American Pipe* allows tolling within the federal court system in federal question class actions only. *Clemens*, 534 F.3d at 1025. The rule is not binding on state law claims, which are governed by state law statutes of limitation and state law tolling principles. *See id.*; *Wade v. Danek Med., Inc.*, 182 F.3d 281, 290 (4th Cir. 1999); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 465 F. Supp. 2d 687, 719 (S.D. Tex. 2006). Thus, as stated, the issue of whether a state statute of limitations would be tolled by a federal class action is a question of state law. *Chardon v. Fumero Soto*, 462 U.S. 650, 661 (1983); *Vaught v. Showa Denka K.K.*, 107 F.3d 1137, 1144 (5th Cir. 1997). The Court must decide whether the California Supreme Court would apply the doctrine of *American Pipe* to toll Plaintiffs' claims.

Plaintiffs argue that the California Supreme Court has adopted the rule of *American Pipe*, citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1998). In *Jolly*, however the court held *American Pipe* inapplicable and declined to toll the statute of limitations while a prior putative class action was pending in California state court. *Jolly*, 44 Cal. 3d at 1118, 1126. The court stated "we are not bound by the United States Supreme Court decisions" and then proceeded to consider the applicability of the *American Pipe* doctrine to the particular facts of the case before it. *Id.* at 1119. Nevertheless, as the Ninth Circuit observed in *Hatfield v. Halifax PLC*, 564 F.3d 1177 (9th Cir. 2009), the "California Supreme Court has indicated a general agreement with tolling in the class action context." *Hatfield*, 564 F.3d at 1186-87 (citing *Jolly v. Eli Lilly & Co.*). The California

EXHIBIT 146    242

1   Court of Appeal has found *American Pipe* principles applicable *in some situations* to toll
2   individual actions filed after denial of class certification if both suits were filed in state
3   court and the two suits are based on the same claims and subject matter and similar
4   evidence. *See, e.g., Becker v. McMillin Construction Co.*, 226 Cal. App. 3d 1493
5   (1991).[4] However, in *Clemens v. DaimlerChrysler Corp.*, the Ninth Circuit specifically
6   observed: "The rule of American Pipe–which allows tolling within the federal court
7   system in federal question class actions–does not mandate cross-jurisdictional tolling as a
8   matter of [California] state procedure." 534 F.3d at 1025; *see Hatfield*, 564 F.3d at 1187-
9   88 (discussing *Clemens*). In *Clemens*, the putative class action upon which the plaintiff
10   relied for tolling was filed in Illinois, but the Ninth Circuit did not limit the concept of
11   "cross-jurisdictional" to situations in which the first action was filed in another state or
12   cases in which another state's law was operative. The Ninth Circuit used the phrase
13   cross-jurisdictional tolling to refer to situations where a class action is filed in another
14   jurisdiction. *Clemens*, 534 F.3d at 1025. The court stated, "A handful of states have
15   applied this [*American Pipe*] rule when a class action is filed in another jurisdiction. The
16   California Supreme Court has not adopted such cross-jurisdictional tolling, however, and
17   few states do."

18       Plaintiffs argue that this case does not present issues of cross-jurisdictional tolling
19   because both *Argent* and this action were filed in the same federal district court, the same
20   jurisdiction. Defendants contend cross-jurisdictional tolling issues arise "whenever a
21   plaintiff pursues claims afforded by the law of one jurisdiction in the courts of another
22   jurisdiction. . . . Thus, when state law claims are filed in federal court, federal courts
23   characterize the state law tolling issues that arise as 'cross-jurisdictional'." Reply at 10.
24   Defendants cite numerous cases in which both the putative class action and the later

---

[4] The California Court of Appeal in *Becker* warned "the applicability of *American Pipe* can only be determined by individualized attention to the identity of the claimants and the nature of the claims involved, and by a careful weighing of the important policy considerations in this area." *Becker*, 226 Cal. App. 3d at 1502.

EXHIBIT 146    243

8

individual action were pursued in federal court, yet the court was presented with cross-jurisdictional tolling issues due to the existence of state law claims. *E.g.*, *Wade*, 182 F.3d 281; *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d 253 (S.D.N.Y. 2010); *In re Urethane Antitrust Litigation*, 663 F. Supp. 2d 1067 (D. Kan. 2009); *In re Enron*, 465 F. Supp. 2d 687. In nearly all of the cases to deal with cross-jurisdictional tolling, however, the state law claims were from a state other than the one in which the second court sat. This Court must decide whether the California Supreme Court would view tolling in this case—where both federal cases were brought in the Central District of California and the state law claims arise under California law—to be cross-jurisdictional.

The Court has found only one published case in which a federal district court encountered an identical problem as the one before this Court. In *In re Enron*, a federal district court in the Southern District of Texas held that the filing of a putative class action in that same federal court did not toll the Texas state law claims asserted in the subsequent suit. 465 F. Supp.2d at 722. Similar to this suit, both actions were filed in the Southern District of Texas and asserted Texas state law claims, in addition to other claims. The district court relied on *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir. 1997), where the Fifth Circuit recognized that Texas had adopted *American Pipe* tolling for cases filed within its own court system but had declined to apply it in other contexts. *Vaught*, 107 F.3d at 1144 (citing *Grant v. Austin Bridge Const. Co.*, 725 S.W.2d 366 (Tex. App. 1987); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757-58 (Tex. App. 1995)). The Fifth Circuit found it "unclear, whether under this [Texas non-tolling] rule a *federal* class action filed in Texas or in any other State would ever toll a Texas statute of limitations, regardless of the type of claims raised." *Id.* at 1147.

The Fifth Circuit in *Vaught*, and the district court in *In re Enron*, made a dispositive distinction between a state's decision to adopt *American Pipe* within its own judicial system and the question of whether the rule would apply to a case filed in any other jurisdiction. In *Vaught*, the Fifth Circuit recognized that "the Texas rule clearly conflicts with the well-established federal practice on class action tolling," but concluded

EXHIBIT 146    244

9

1 that "the federal interest in that practice does not trump the Texas tolling rule" because
2 enforcing a statute of limitations is a "a matter of considerable importance to Texas, one
3 reflecting a deliberate policy choice by its legislature." *Id.* The Ninth Circuit cited
4 similar reasons for declining to import cross-jurisdictional tolling into California law in
5 *Clemens*, stating "the weight of authority and California's interest in managing its own
6 judicial system counsel us not to import the doctrine." *Clemens*, 534 F.3d at 1025.

This Court is persuaded that cross-jurisdictional tolling, as discussed by the Ninth Circuit in *Clemens* and *Hatfield*, includes all situations where a class action is filed outside the California state court system, irrespective of whether the class claims are made under California law. The Illinois Supreme Court has adopted this definition. *See Portwood v. Ford Motor Co.*, 183 Ill.2d 459 (1998). In *Portwood*, the Illinois Supreme Court recognized the *American Pipe* rule for class actions filed in Illinois state court, but expressly refused to apply the rule to toll the state statute of limitations during the pendency of a *federal* class action. *Id.* at 463-67. The court did not make a distinction between federal class actions filed within the state of Illinois and those filed outside; it specifically held "the Illinois statute of limitations is not tolled during the pendency of a class action in federal court." *Id.* at 467. Later, a federal district court in the Northern District of Illinois applied the rule from *Portwood* to hold the plaintiffs' Illinois state claims were time-barred.[5] *Ottaviano v. Home Depot, Inc., USA*, 701 F. Supp. 2d 1005, 1012-13 (N.D. Ill. 2010).

Because California does not recognize cross-jurisdictional tolling, this Court has no authority to apply *American Pipe* to toll the state statutes of limitation here.

### *ii. Equitable Tolling Does Not Apply.*

In their brief, and again at oral argument, Plaintiffs ask the Court to apply California's equitable tolling doctrine to their state law claims. Under California's equitable tolling doctrine, California courts do allow the pendency of a state law

---

[5] In *Portwood*, the first filed putative class action was filed in federal district court in New Jersey.

EXHIBIT 146   245

10

1  claim in federal court to toll the statute of limitations for a state law claim under
2  certain circumstances. *McDonald v. Antelope Valley Cmty. College Dist.*, 45
3  Cal.4th 88 (2008); *Addison v. State of California*, 21 Cal.3d 313 (1978). This
4  judicially created doctrine is distinct from *American Pipe* tolling. *See Hatfield*,
5  564 F.3d at 1188. Plaintiffs rely on *Addison* and *McDonald* to toll their claims
6  here. In each of these cases, the California Supreme Court applied the doctrine of
7  equitable tolling where the plaintiff satisfied the required elements: "timely notice,
8  and lack of prejudice, to the defendant, and reasonable and good faith conduct on
9  the part of the plaintiff." *McDonald*, 45 Cal. 4th at 102; *Addison*, 21 Cal.3d at
10 319. In *Addison*, however, the California Supreme Court also explained that the
11 doctrine of equitable tolling applies when a plaintiff has several legal remedies and
12 reasonably, and in good faith, pursues one. *Addison*, 21 Cal. 3d at 317; *accord*
13 *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citing
14 *Addison*). In that situation, the statute of limitations in one forum is tolled as the
15 claim is being pursued in another forum. *Id*. In *Addison*, for example, the
16 plaintiffs first pursued their claim in federal court and then re-filed it in state court
17 when the federal court declined to assert jurisdiction over the claim. *Addison*, 21
18 Cal. 3d at 319. In *McDonald*, the plaintiffs first pursued an alternate
19 administrative remedy before filing a complaint in state court. *McDonald*, 45 Cal.
20 4th at 96-99. Where plaintiffs pursue successive claims in the *same* forum, the
21 California Court of Appeal has squarely held that equitable tolling does not apply.
22 *Martell v. Antelope Valley Hospital Medical Center*, 67 Cal. App. 4th 978, 985
23 (1998).
24       Accordingly, California's equitable tolling doctrine does not apply in this
25 case because this case and *Argent* were filed in the same forum: this Court. *See*
26 *id*.; *Naylor v. Flavan*, No. CV 08-03746 GAF (AJW), 2009 WL 1468708, at *6
27 (C.D. Cal. May 19, 2009); *Barrier v. Benninger*, No. C-98-0650-CAL, 1998 WL
28 846599, at *9 (N.D. Cal. Dec. 1, 1998) (explaining that to apply equitable tolling

EXHIBIT 146    246

11

where a plaintiff attempts to bring a subsequent action in the same forum, "would effectively allow plaintiff to prosecute his argument against these defendants in perpetuity."). *Naylor v. Flavan* is directly on point. There, after denial of class certification in a putative federal court class action, one of the plaintiff class members filed his own individual action in the same federal court. 2009 WL 1468708, at *3-4. The district court dismissed the new action as time-barred, holding that "plaintiff is not entitled to equitable tolling under California law because [the prior class action] and this case were both filed in this court, that is, in the same forum." *Id.* at *6 (citing *Martell*, 67 Cal. App. 4th at 985).

### iii. 28 U.S.C. §1367(d) Does Not Apply.

Plaintiffs contend that the supplemental jurisdiction statute, 28 U.S.C. § 1367(d), tolls the state law claims. 28 U.S.C. § 1367(a) provides that a district court may exercise supplemental jurisdiction over state law claims that are so related to claims over which the court is exercising original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(d) is a savings provision that tolls the statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal, unless state law provides for a longer tolling period. Plaintiffs contend the term "dismissal" is not limited in any way and that § 1367(d) applies to the Argent Classic Fund's voluntary dismissal of the *Argent* lawsuit. Thus, Plaintiffs argue that the statutes of limitation for state law claims asserted on behalf of the putative class in *Argent* were suspended for all unnamed class members during the pendency of *Argent*.

Plaintiffs' argument fails because § 1367(d) applies only where, pursuant to § 1367(c), a federal court declines to exercise supplemental jurisdiction over state law claims after dismissing the federal claims. *See Parrish v. HBO & Co.*, 85 F. Supp. 2d 792, 797 (S.D. Ohio 1999); *Peters v. Bd. of Trs. of Vista Unified Sch. Dist.*, No. 08cv1657-L, 2009 WL 2485753, at *3 (S.D. Cal. Aug 11, 2009);

1 | *Jarmuth v. Frinzi*, No. 1:04CV63, 2006 WL 4730263, at *11 (N.D. W.Va. Jul. 25,
2 | 2006); *Zychek v. Kimball Int'l Mktg. Inc.*, No. CV06-64-N-EJL, 2006 WL
3 | 1075452, at *3 (D. Idaho Apr. 21, 2006). Moreover, the tolling provision of 28
4 | U.S.C. § 1367(d) applies only to supplemental state law claims that are re-filed in
5 | state court subsequent to dismissal, not to a new case filed in another federal court.
6 | *Jarmuth*, 2006 WL 4730263, at *10-11 (citing *Jinks v. Richland County, S.C.*, 538
7 | U.S. 456, 459 (2003)); *Peters*, 2009 WL 2485753, at *3.
8 | As explained by the district court in *Parrish v. HBO & Co.*, the statute's
9 | legislative history indicates § 1367(d) "provides a tolling of statutes of limitations
10 | for any *supplemental claim* that is dismissed *under this section* and for any other
11 | claims in the same action voluntarily dismissed at the same time or after the
12 | supplemental claim is dismissed." *Parrish*, 85 F. Supp. 2d at 796 (quoting H.R.
13 | Rep. No. 734, 101st Cong., 2d Sess. (1990), reprinted in 1990 U.S.C.C.A.N. 6860,
14 | 6876) (emphasis added by *Parrish*). Thus, the court in *Parrish* concluded that
15 | Congress did not intend the phrase "the dismissal" to include dismissal of the
16 | supplemental state claim by *any* procedure but, rather, dismissal pursuant to §
17 | 1367(c) only. In *Jarmuth*, the district court relied on the Supreme Court's
18 | explanation of § 1367(d) in *Jinks v. Richland County, S.C.*, and held "the tolling
19 | provision of 28 U.S.C. § 1367(d) applies to supplemental state law claims that are
20 | refiled in state court subsequent to dismissal, not to a new case filed in another
21 | federal court." *Jarmuth*, 2006 WL 4730263, at *11. In *Jinks*, the Supreme Court
22 | explained:

> some claims asserted under § 1367(a) will be dismissed because the
> district court declines to exercise jurisdiction over them and, if they
> are to be pursued, *must be refiled in state court*. To prevent the
> limitations period on such supplemental claims from expiring while
> the plaintiff was fruitlessly pursuing them in federal court, § 1367(d)
> provides a tolling rule that *must be applied by state courts*.

EXHIBIT 146    248

538 U.S. at 459 (emphasis added). Likewise, in *Raygor v. Regents of Univ. of Minn.*, the Supreme Court emphasized that words of a statute must be read in their context and "§ 1367(d) occurs in the context of a statute that specifically contemplates only a few grounds for dismissal." 534 U.S. 533, 545-46 (2002). Those grounds are provided by § 1367(c), which "lists four specific situations in which a district court may decline to exercise supplemental jurisdiction over a particular claim." *Id.* at 545.

Accordingly, the Court holds that § 1367(d) does not apply to toll Plaintiffs' state law claims because *Argent* was voluntarily dismissed and the state law claims were refiled in the same federal forum.

## C. THE PLEADING DEFICIENCIES

Two federal claims remain under the Exchange Act: the §10(b) claim and the § 20(a) claim. *See* 15 U.S.C. § 78j(b), § 78t(a). The § 20(a) claim for control person liability requires underlying § 10(b) liability. Thus, the pleading deficiencies in the § 10(b) claims affect both claims.

Section 10(b) and Rule 10b-5 prohibit fraudulent conduct in the sale and purchase of securities. Section 10(b) of the Exchange Act forbids (1) the "use or employ[ment]. . . of any . . . deceptive device," (2) "in connection with the purchase or sale of any security," and (3) "in contravention of" Securities and Exchange Commission "rules and regulations". *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 341 (2005) (citing 15 U.S.C. § 78j(b)). "Rule 10b-5 forbids, among other things, the making of any 'untrue statement of material fact' or the omission of any material fact 'necessary in order to make the statements made . . . not misleading.' " *Id.* (citing 17 C.F.R. § 240.10b-5 (2004)). A Section 10(b) fraud claim thus requires that a plaintiff prove "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss

causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008).

Rule 9(b) requires that fraud be pleaded with particularity. Fed. R. Civ. P. 9(b). Rule 9(b) applies to securities actions brought under Section 10(b) and Rule 10b-5 and requires particularity in pleading the circumstances of the alleged fraud. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations." *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995). Where a plaintiff does not rely on an efficient market, courts more vigorously enforce Rule 9(b)'s particularity requirement. *See Argent*, 2008 WL 8166001, *3 (C.D. Cal. Nov. 13, 2008).

Because Plaintiffs do not allege an efficient market for the Debentures, each of the 46 Plaintiffs must plead facts that show actual, direct reliance on a particular alleged misstatement or omission, loss causation, and damages. Plaintiffs have not adequately pleaded any of these elements because they have failed to allege the details of their securities transactions. Each Plaintiff must identify its transactions, the misrepresentations it relied upon when engaging in the transactions[6], and the damages it alleges it suffered as a result. *See Reding v. Goldman Sachs & Co.*, 382 F. Supp. 2d 1112, 1126-27 (E.D. Mo. 2005); *Morin v. Trupin*, 747 F. Supp. 1051, 1062 (S.D.N.Y. 1990); *Barr v. McGraw-Hill, Inc.*, 710 F. Supp. 95, 97 (S.D.N.Y. 1989).

The Court emphasizes that the particular period of time in which Plaintiffs allege they were injured is unusually significant because of the volatility of the

---

[6] Plaintiffs allege they relied on several categories of information. At least one federal court has found that "identifying categories of items relied on . . . is not the same as identifying a 'specific false statement.'" *LLDVF, L.P. v. Dinicola*, No. 09-1280 (JLL), 2010 WL 3210613, *11 (D.N.J. Aug. 12, 2010).

EXHIBIT 146  250

15

U.S. economy and events then occurring in the business of Countrywide. Because there were also many disclosures by Countrywide during this period, it is probable that the market information available on one day will need to be considered separately from that available on the next day when judging the issues in the case. It is therefore especially important that Plaintiffs plead with particularity, alleging the dates of their purchases and sales, the statements upon which Plaintiffs relied, and the basis of their alleged losses. As the district court explained in *Barr v. McGraw-Hill, Inc.*, "[t]his will enable defendants to prepare a defense against the claims of individual plaintiffs, whose circumstances may differ. It also will give defendants and the court a fair indication of the basis for the amount of damages claimed." 710 F. Supp. at 97.

### D. SAMBOL'S MOTION TO DISMISS

David Sambol filed a separate motion to dismiss addressing Plaintiffs' failure to adequately plead his scienter. After dismissing all counts of the Complaint based on Countrywide's motion, the Court finds Sambol's additional motion to dismiss to be moot. The Court therefore DENIES Sambol's motion to dismiss without prejudice to Sambol renewing his motion after Plaintiffs have repleaded.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss in its entirety. Counts I and II are DISMISSED WITHOUT PREJUDICE for failure to adequately plead the allegations with the necessary particularity. Counts III, IV, V and VI are barred by their respective statutes of limitation and DISMISSED WITH PREJUDICE. Plaintiffs shall have until and including February 22, 2011 to submit a First Amended Complaint.

**IT IS SO ORDERED.**

DATED: January 20, 2011

Hon. Mariana R. Pfaelzer
United States District Judge

EXHIBIT 146  252